SAM WRAGG v. THE STATE.

No. 1485.   Decided January 31, 1912.

Rehearing denied March 29, 1912.

**1.—Rape—Continuance—Other Transactions—Impeaching Testimony.**

Upon trial of rape, where defendant's application for continuance showed that by the absent testimony he expected to show sexual intercourse by the absent witness with prosecutrix, this was only of an impeaching character, and there was no error in overruling the motion.

**2.—Same—Jury and Jury Law—Challenge.**

Upon trial of rape, there was no error in excluding testimony as to what verdict a juror had rendered in a particular case in another county which had no connection with the case on trial.

**3.—Same—Jury and Jury Law—Death Penalty—Conscientious Scruples.**

Where, upon trial of rape, the record on appeal did not show that defendant objected at the time of the examination of the jurors to the failure to ask the question whether they had conscientious scruples in regard to the infliction of the death penalty, there was no error in the court's submission of the death penalty attaching to rape under article 639, Penal Code.

**4.—Same—Practice in District Court.**

Where the bill of exceptions showed that the court had given defendant ample time to permit his counsel to argue the motion for new trial, there was no error on this ground.

**5.—Same—Court Interrogating Witnesses—Practice.**

Where the bill of exceptions did not show any injury to the defendant, or that the judge indicated to the jury his opinion of the merits of the case in questioning the witnesses, there was no reversible error, although not proper practice.   Harrell v. State, 39 Texas Crim. Rep., 204.

**6.—Same—Evidence—Relations of Prosecutrix.**

Where, upon trial of rape, it had been shown without objection that prosecutrix met another for the purpose of having sexual intercourse, and that after such intercourse, this party assisted defendant to have intercourse with prosecutrix by force, there was no error in admitting testimony showing the relation existing between prosecutrix and said other party and that they were engaged to be married, in explanation of her acts with said third party.

**7.—Same—Evidence—Declarations of Third Party—Bill of Exceptions.**

Where, upon trial of rape, it had been shown that defendant and another acted together in defendant's assault and rape of prosecutrix and that the declarations of said other party to prosecutrix not to tell it was made in defendant's presence, there was no error in admitting in evidence such declarations; besides, the bill of exceptions was defective.

**8.—Same—Evidence—Acts of Third Party.**

Where, upon trial of rape, the acts and conduct of defendant and his companion were so entwined that it showed that they were acting together, there

was no error in admitting in evidence their said acts and conduct, as they affected prosecutrix.

**9.—Same—Argument of Counsel.**

Where, upon trial of rape, the argument of State's counsel was not sought to be withdrawn by a requested charge, and was not of such a nature as to present reversible error, there was no error.

**10.—Same—Papers—Deliberations of Jury.**

Where the jury had not called for certain papers in evidence, there was no error in not requiring the jury to take these papers with them in their retirement. Article 731, Code Criminal Procedure.

**11.—Same—Charge of Court—Isolated Facts.**

The trial court is not authorized to select isolated facts in evidence and instruct the jury what weight should be given to them, and where the requested charges attempted to do so, there was no error in refusing them.

**12.—Same—Sufficiency of the Evidence—Conflict.**

Where, upon trial of rape, the evidence was conflicting, but sufficient to support the verdict, there was no cause for reversal.

Appeal from the District Court of Shackelford. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Sebastian* and *A. A. Clarke,* for appellant.—On question of the court's interrogation of the witnesses: McMahan v. State, 61 Texas Crim. Rep., 489, 135 S. W. Rep., 558; Simmons v. State, 55 Texas Crim. Rep., 441; Moore v. State, 33 Texas Crim. Rep., 306.

On question of the insufficiency of the evidence: Topolanck v. State, 40 Texas, 160; Rhea v. State, 17 S. W. Rep., 931; Jenkins v. State, 1 Texas Crim. App., 346; Anschicks v. State, 6 id., 524; Walton v. State, 29 id., 163; Mooney v. State, id., 257.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of rape, and his punishment assessed at five years confinement in the State penitentiary, from which judgment he prosecutes this appeal.

1. Appellant filed a motion for a continuance on account of the absence of a witness by whom he states he expects to prove that he, the said witness, had had sexual intercourse on several occasions with the prosecuting witness with her consent. This would be no defense, for if it would be true that the witness would so testify, it would not authorize appellant to commit the offense of rape on her, if he did do so. The testimony would only be admissible to affect the credibility of the prosecuting witness, and to impeach her, and a continuance will not be granted on account of the absence of a witness whose testimony would only go to the credibility of a State witness. Patton v. State, 58 Texas Crim. Rep., 231, 125 S. W. Rep., 24; Gee v. State, 57 Texas

Crim. Rep., 151, 122 S. W. Rep., 23, and authorities cited in these two cases.

2. Appellant complains that after a juror had testified that he had served as a juror in a criminal assault case, he was not permitted to ask the juror what verdict was rendered in that case. Proper questions to test the bias in favor of, or prejudice against a defendant, and in some instances as to prejudice in certain character of offenses should be permitted, but the question to be proper should be directed to that issue. Inasmuch as the verdict rendered in a particular case, in another county, having no connection with this case, would have no such tendency, the court did not err in refusing to permit the question to be propounded. Cavitt v. State, 15 Texas Crim. App., 190.

3. Inasmuch as the jury were not questioned on their voir dire whether or not they had conscientious scruples in regard to the punishment of death for crime, appellant complains that the court in his charge erred in instructing the jury that if they found the defendant guilty, they would assess his punishment at death, or confinement in the penitentiary for life, or any length of time not less than five years. This is the punishment provided by article 639 of the Penal Code, and the court could not otherwise instruct the jury. There is no bill of exceptions in the record showing that appellant objected at the time of the examination of the jurors to the failure to ask this question, if it was not asked, consequently this question is not presented for review; and it is not error for the court to correctly state the punishment fixed for any offense.

4. In a bill of exceptions appellant complains that the court would not permit his counsel to argue his motion for a new trial, nor present authorities. The court in his approval of the bill states that after counsel for appellant had used some thirty or forty minutes in presenting the motion, the court stated to him he had read the motion, and did not think it presented error, when counsel for appellant stated he desired to reserve a bill of exceptions to the action of the court in refusing to hear him, when the court states he told counsel he would give him "three hours or as much time as he might desire." This was declined by counsel. Counsel is bound by the recitals of this bill as he accepted and filed it. (Hardy v. State, 31 Texas Crim. Rep., 289.)

5. Appellant complains of the action of the court in asking the prosecuting witness certain questions, some of which were: "Miss Bell, whatever the defendant did, if he did anything, did he do it with or without your consent? A. Yes, sir, he done it without my consent. Q. Without your consent? A. Yes, sir. Q. At the time he did what he did, if he did anything, and when Roy Curry stated to you, unless you permitted the defendant Wragg to have intercourse with you, that he, Curry, would not marry you, did you or did you not then agree that Sam Wragg might have intercourse with you? A. No, sir. Q. You did not? A. No, sir." The appellant objected

to the court "examining the witness and making out the salient features of the charge, when the county attorney had failed to do so." The court in approving the bill states: "The prosecutrix was sixteen years old, and did not appear to have more experience concerning affairs of life, or familiarity with expressions used, than is ordinary with a girl of her age; in fact she still wore short dresses, and looked even younger than her age. The State had wholly failed to bring out the evidence mentioned, and the court deemed it necessary in the interest of justice, not only to the State but to the defendant as well, to ask such questions, none of which were leading. If when told by Curry that he would not marry her unless she submitted to the defendant, she had then freely submitted, the defendant then could not be guilty of rape, and likewise if he had failed to penetrate her, he would not have been guilty of rape, hence the questions were asked as much in his behalf as in behalf of the State." This question is discussed at length in the case of Harrell v. State, 39 Texas Crim. Rep., 204, and it is there held that the trial judge should not attempt to conduct the examination of witnesses, but if he did do so, if the questions propounded and the conduct of the judge was not such as to indicate to the jury his opinion of the merits of the case, no such error would be presented as would or should cause a reversal of a case.

6. The prosecuting witness had testified, without objection, that she had left home and gone to a place to meet Roy Curry, in accordance with an appointment made with him, and that after she had had sexual intercourse with Curry, that appellant had come from behind a tree and grabbed her and thrown her down on the ground, and when she had objected to appellant having intercourse with her, that Curry had caught her and held her and told her that if she did not submit to appellant (who was his cousin) he would not marry her as he had promised to do, when defendant objected to the State proving the relation existing between prosecuting witness and Roy Curry. The witness testified over objection of defendant that Curry and she were engaged to be married, the grounds of objection being the proof would show an independent crime committed by a third person with which defendant had nothing to do. The court in approving the bill states: "It was the theory of the State that the prosecutrix had been seduced by one Roy Curry, who continued to have sexual intercourse under promise of marriage with her until she became pregnant, and after getting her in that condition, he then connived in forcing her to submit to the defendant, and that at the time the said Roy Curry made arrangements with prosecutrix to meet him on the particular Wednesday night in question, for the purpose of having sexual intercourse with him, that he then arranged with the defendant to be present in hiding, and then after having intercourse with her himself, the said Roy Curry then assisted the defendant in holding and forcing her to submit to said defendant. Under this theory of the case, when the State proved by the prosecutrix that she went out to the trees on that particular

Wednesday night to meet Roy Curry by appointment to have sexual intercourse with him, the court believed that the State was permitted to show the relationship then existing between her and Roy Curry, just as if she had been the wife of Roy Curry, and had gone for that purpose, and had then been raped by another, the fact that she was then married would have been admissible, in explanation of her acts with the said Roy Curry." As thus explained by the court, and the statement of facts supporting him in such statement, there was no error in permitting the witness to so testify.

7. In another bill appellant complains that on redirect examination the prosecuting attorney was permitted to ask the witness: "Now why did you not tell this before you came back from Abilene?" To which question she answered: "Roy told me not to tell it." Which question and answer appellant moved to exclude because it was a conversation with Roy Curry, not in the presence of defendant, and simply hearsay. In the bill it is not shown in what connection this testimony was elicited, and the bill is incomplete in that respect, but in approving the bill the court states: "The evidence showed that prosecutrix was engaged to marry Roy Curry, and had been having intercourse with him for sometime, and by appointment, on this particular Wednesday night, she having then become pregnant, she met said Roy Curry at some trees several hundred yards from her house, for the purpose of having sexual intercourse with him, which purpose was carried out, immediately after which defendant came up from behind her, put one of his hands over her mouth telling her not to hollow, and catching her around the neck with the other hand threw her down, and then the said Roy Curry held her hands while the defendant had connection with her, and the said Roy Curry told her not to tell anyone, and then both Roy Curry and defendant went off together, and in a short time both defendant and said Curry told her that if she didn't leave the country they would kill her." As thus qualified the bills present no error.

8. According to the testimony of the prosecuting witness, she and Roy Curry were engaged to be married, and she had been having carnal intercourse with him for some period of time. That on the night in question she met Roy Curry at an appointed place and had intercourse with him, and appellant then appeared on the scene, and by force of himself and Curry she was compelled to have intercourse with appellant. That Curry promised to marry her Sunday week following this occurrence, and by appointment she again met Curry on Saturday night. Curry had told her that he would not let appellant come, but again he appeared on the scene. Appellant and Curry are cousins. After this conduct she says Curry advised her to go to a house of prostitution at Galveston, and appellant advised her to go to such a house at Waco. That they told her if she did not leave and gave birth to a baby she would be sent to the penitentiary, and had made threats to take her life. On the night she left the man who went after her

was riding appellant's horse, and appellant was at the point where she got in a buggy to leave. The acts and conduct of the parties are so entwined, and she testifies to a course of conduct that would have them acting together, under these cirnumstanaes there was no error in admitting in evidence the acts and conduct of Curry as well as the acts and conduct of appellant.

9. There is some complaint of the argument of State's counsel. As qualified by the court this presents no error. In addition thereto no charge was asked instructing the jury not to consider such remarks. In the absence of a requested charge this would not be ground for reversal of the case. Young v. State, 19 Texas Crim. App., 536.

10. There was no error in the court not requiring the jury to take with them certain papers introduced in evidence. Had the jury called for these papers, it would have been proper to permit them to take them, but in the absence of a request from the jury it is not obligatory on the court to require that they take the evidence with them during their deliberations. Art. 731, Code of Criminal Procedure, and Schultz v. State, 15 Texas Crim. App., 258.

11. In the motion for a new trial there is no complaint of the charge of the court, but appellant does complain of the action of the court in refusing and failing to give his special charges Nos. 3 and 6. Both of said charges relate to matters of evidence, and would instruct the jury to take into consideration certain evidence in determining whether or not the prosecuting witness agreed to the acts of intercourse. Both of these circumstances could and doubtless were used in argument by counsel as tending to prove there was no rape, but an act of intercourse by mutual consent. However, it would hardly be proper for the court to select these circumstances and charge thereon. This would be upon the weight to be given the testimony, and the court is not authorized to select isolated facts of the testimony and instruct the jury what weight should be given to it. Gonzales v. State, 32 Texas Crim. Rep., 611; White v. State, 17 Texas Crim. App., 188; Johnson v. State, 1 Texas Crim. App., 609; Walker v. State, 13 Texas Crim. App., 618; McCall v. State, 14 Texas Crim. App., 353.

12. In this case it is earnestly insisted that the evidence does not support the verdict and show a case of rape. If we take the evidence adduced on behalf of defendant, this is true, but the evidence of the prosecuting witness seems to have been believed to be true by the jury trying the case. Under our law a man charged with felony must be tried by a jury, and the individual opinion of the judge as to the weight to be given the testimony is not the criterion by which the guilt or innocence of an accused is to be judged. If there is no evidence, we will not permit the verdict to stand. But if the evidence of the State makes a case, and the jury accepts that evidence as true, we will not disturb the verdict except in those rare instances where in our opinion no unbiased jury could have reached the conclusion arrived at by the jury. In this case, the evidence is conflicting. The prosecuting

witness has not conducted herself in such a manner, under all the circumstances, as for it to be construed that she perhaps has been grievously injured by this appellant. But her conduct did not authorize him to secure sexual favors by force, and notwithstanding the conduct of the prosecuting witness, the jury has accepted her version of this matter as true; the trial judge who saw and heard the witnesses testify, evidently does not think an injustice has been done, and at this distance we can not say she is not worthy of credit. She is a young girl, but sixteen years of age, and has gone or been led astray, as shown by her testimony, but her sexual favors by consent, if she is to be believed, were extended to another, and not to appellant   Under these circumstances the judgment is affirmed.

*Affirmed.*

[Rehearing denied March 29, 1912.—Reporter.]

