### DULA v. BUSH, District Judge, et al.

### No. 12959.

Court of Civil Appeals of Texas. Dallas.

Dec. 23, 1939.

Rehearing Denied Jan. 27, 1940.

H. J. Kimball and Levi Topletz, both of Dallas, for relator.

J. Earle Kuntz, McDonald & Anderson, and J. E. Rexford, all of Wichita Falls, and George Sergeant, of Dallas, for respondents.

YOUNG, Justice.

This record presents application of J. B. Dula, relator, for writ of mandamus and prohibition; answer of respondents thereto, together with briefs of the parties and many exhibits in aid of their respective contentions. Previous history of the litigation, resulting in the confusion of judgments which we are called upon to consider, need not be set out, except that same was initiated by the suit of relator and others against Gracie Franks and Martin (Marion) Franks, of Wichita County, filed May 16, 1938, to which plea of privilege was seasonably interposed. The plea was controverted, and upon a hearing (June 25, 1938) only a preliminary motion of plaintiff to strike was considered, the notation on the court docket relative thereto being: "Motion to strike Plea of Privilege overruled; plaintiff excepts; defendant may have Notary Public correct jurat by striking 'Dallas' and inserting Wichita; plaintiff excepts and gives notice of appeal * * *". Among other entries on the same court docket, are the following: "Nov. 7, 1938. Deft having failed to amend Plea of Privilege within a reasonable time, Plea of Privilege overruled; Nov. 7, 1938. Judgment by Default with a

Writ of Inquiry awarded; Nov. 18, 1938. Judgment proven for $2000.00 as damages, accounting and costs of court. (Signed) Claude M McCallum Judge 101st Judicial District Court sitting for Judge 68th Judicial Dist. Ct. Dallas County, Texas." On May 13, 1939, Judge McCallum, for the 68th District Court, signed the nunc pro tunc judgment (as of June 25, 1938), overruling said plea of privilege and for $2,000 recovery, pursuant to the above quoted docket notations.

For convenience, relator J. B. Dula will be termed plaintiff and Marion M. Franks et ux, defendants, as in the original suit. On April 17, 1939, defendants filed a motion in the same cause to set aside the prior judgment, overruling said plea of privilege. This pleading, though styled a motion, embraced the essential elements of an equitable bill of review, 17 Tex.Jur. (Equity) Sec. 28, p. 30; certainly so, when all exhibits attached thereto are severally considered. A hearing was sought on the "motion" wherein the aforesaid judgment would be held for naught, and an order entered sustaining their plea of privilege, with a consequent transfer to Wichita County. On April 28, 1939, the motion was heard, all parties announcing ready, the previous judgment overruling plea of privilege set aside; said plea being set for hearing on its merits some weeks later; viz: May 13, 1939. To this action of the court, plaintiff excepted and gave notice of appeal. Upon subsequent contest of the plea, plaintiff declined to offer any evidence, whereupon the court sustained defendants' general demurrer to the controverting affidavit; and plaintiff refusing to amend, the plea was granted and a transfer of the cause was ordered to the District Court of Wichita County. Plaintiff further excepted to this order of transfer and gave notice of appeal. However, instead of prosecuting his appeal, plaintiff is here seeking a writ of mandamus, to the end that the previous orders of the 68th District Court (of November 1938), in their favor, be respected and enforced; at the same time, asserting the total invalidity of all court orders following the hearings on defendants' motion of April 17, 1939.

■ Plaintiff's counsel has well and thoroughly briefed the law in support of his right to the relief sought. It is recognized that mandamus is an extraordinary remedy and issues only "where the party hath a right to have anything doné and hath no other way of compelling its performance". 3 Blackstone's Comm. The writ cannot be availed of where the applicant has an equally effective and adequate remedy by appeal or writ of error, 28 Tex. Jur. (Mandamus) Sec. 10, pp. 530–532. It is relator's contention that defendant's motion of April, 1939, was simply for a new trial, its maximum purpose being a relitigation of the antecedent plea of privilege by piecemeal, and the court's action thereon was wholly void; in other words, that the trial court, having failed to obtain jurisdiction by such later proceedings, an appeal from the order of transfer (May 13, 1939) would have been futile; and the appellate court would have had no other alternative than to dismiss the appeal for want of jurisdiction, as illustrated in the case of Smith v. Poppe, Tex.Civ.App., 102 S.W.2d 1108.

■ We must overrule relator's propositions, because, as already stated, defendants' "motion" contained the necessary ingredients of an equitable bill of review, praying for a setting aside of the previous order, a rehearing on the original plea of privilege, and for complete relief; i. e., judgment sustaining the plea, and a transfer to the proper county. Obviously, defendants could not control the trial court's method in disposing of the "motion" or bill, and we regard the proceedings of May 13, 1939, as but a continuation of the trial thereon; the net result of the court's action being the complete relief, or trial on the merits, contemplated by the decisions of our Supreme Court. Humphrey et al., v. Harrell et al., Tex.Com.App., 29 S.W.2d 963. Relator, therefore, should have prosecuted his appeal from the order of May 13, 1939, sustaining the plea, such remedy involving the same subject matter as is here presented; and being equally as convenient, beneficial and effective as by mandamus. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. In Gulf, C. & S. F. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613, cited by relator, the writ issued because the remedy by appeal was tedious and inadequate, being contingent upon a retrial by jury.

■ The validity of defendants' judgment sustaining the venue plea could have been put squarely in issue by simply challenging the jurisdiction of the trial court to entertain the plea, in whole or in part; or, in lieu thereof, by suggestion of fundamental error here. Clearly, an appeal from the court's action in the premises would

have authorized this Court to pass upon the identical subject matter embraced in this record, and to determine the legality thereof. "It is true that, when the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside." Williams v. Steele, 101 Tex. 382, 108 S.W. 155, 157. Generally, as to the principles applicable to the instant case, see Oliver v. Williams, Tex.Civ.App., 98 S.W.2d 246.

Application for mandamus and prohibition denied.