Calvin MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 57576.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 28, 1979.

Kenneth A. Back, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty. and John Loudder Davis, Asst. Dist. Atty., Amarillo, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Calvin Martin appeals his conviction for aggravated rape. The jury, upon hearing his plea of true to a prior conviction, assessed his punishment at twenty-five years.

Appellant contends that the court erred in denying his requests for information. Specifically, he complains of the court's denial of access to a witness' statement, the prosecutrix' grand jury testimony and the prosecutor's jury cards. The sufficiency of the evidence is not challenged.

On January 24, 1976, a Saturday night, the prosecutrix and her husband were in the Kitty Kat Lounge in Amarillo. The prosecutrix went to the ladies' room. Appellant forced his way into the ladies' room and choked her twice into unconsciousness. After she revived, he raped her.

Martin first contends the court erred in denying his request for the prosecutrix' husband's statement to use in cross-examining him. After the husband's direct testimony, appellant made a timely request for

his prior written statement. This was denied because, as a recorded conversation at the bench indicated, the court felt that appellant was not entitled to the statement unless the witness used it to refresh his memory. After the husband was cross-examined but before the State rested the appellant was furnished with the statement.

 It was error not to allow appellant to examine the witness' statement; there is no requirement that the witness use that statement to refresh his memory. *Myre v. State,* 545 S.W.2d 820 (Tex.Cr.App.1977); see *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962). However, such a good faith error does not require reversal where no harm is demonstrated. *Myre v. State, supra.* Appellant was furnished with the statement and did not recall the witness. He makes no attempt in his brief to demonstrate actual harm. The statement is not in the record for our review. Under these facts, we conclude that the error was not reversible.

Martin next contends that he was not permitted to inspect the grand jury testimony of the prosecutrix. Inspection of grand jury testimony, upon request, is within the discretion of the court; such inspection should be allowed when the State uses such testimony or when appellant can show a particularized need. *Garcia v. State,* 454 S.W.2d 400 (Tex.Cr.App.1970). Of course, appellant must show that the testimony was recorded. *Nelson v. State,* 511 S.W.2d 18 (Tex.Cr.App.1974).

In the instant case, there is no showing that the prosecutor used the grand jury testimony or that it was ever recorded. Absent a showing of the existence of the testimony, there was no abuse of discretion in denying appellant's request for it.

Finally, appellant contends that the court erred in denying his request for the district attorney's jury records. This background information was kept on cards which were made a part of the appellate record.

In *Linebarger v. State,* 469 S.W.2d 165 (Tex.Cr.App.1971), we were presented with a similar contention and held, "The State has no obligation to furnish counsel for accused with information he has in regard to prospective jurors." *Accord, Enriquez v. State,* 429 S.W.2d 141 (Tex.Cr.App.1968). See *Redd v. State,* 578 S.W.2d 129 (1979).

There is no reversible error. The judgment is affirmed.

ROBERTS, J., concurs in the result.