**Ernest ESPINOSA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00124–CR.**

Court of Appeals of Texas,
San Antonio.

June 9, 1982.

Rehearing Denied June 29, 1983.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

PER CURIAM.

This is an appeal from a conviction for aggravated robbery. The jury found appellant guilty, and based on allegation and

proof of a prior felony conviction, assessed his punishment at 25 years' confinement in the Texas Department of Corrections.

■ Appellant raises two grounds of error. He first alleges that the trial court erred in refusing to grant his petition for mandamus requesting that the State furnish him with copies of its records regarding the prior criminal jury service of the prospective jurors in his case. Second, he alleges that the trial court erred in giving him insufficient credit for his time spent in jail prior to trial. Tex.Code Crim.Pro.Ann. art. 42.03, § 2 (Vernon 1979).

Both parties in their briefs agree that appellant was given insufficient credit for his time spent in jail prior to trial. The State does not contest appellant's assertion that he remained in jail continuously from and after his being arrested in the instant case on February 9, 1979. The sentence, however, credits him only for the period from and after April 18, 1979, the date of indictment.

The requirements of art. 42.03, § 2, supra, are mandatory. *Guerra v. State,* 518 S.W.2d 815, 817 (Tex.Cr.App.1975); *Jones v. State,* 545 S.W.2d 771, 779 (Tex.Cr.App.1977 —Opinion on State's Motion for Rehearing). Therefore, we order the sentence in this cause reformed to indicate that the sentence shall begin and operate from February 9, 1979.

■ Regarding appellant's first ground, the State contends that juror information cards would not be discoverable under prior holdings, and that contrary to appellant's assertion, the enactment of the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1982), did not supersede these holdings. We agree. Such information having been deemed confidential by judicial decision, *Martin v. State,* 577 S.W.2d 490, 491 (Tex.Cr.App.1979), *Linebarger v. State,* 469 S.W.2d 165 (Tex.Cr.App. 1971), we hold that such information is excepted from disclosure under art. 6252–17a, § 3(a)(1), supra. Appellant's first ground of error is overruled.

The judgment, as reformed, is affirmed. A copy of this opinion shall be forwarded to the Texas Department of Corrections, along with our mandate.

Before the court en banc.

## ON APPELLANT'S MOTION FOR REHEARING

DIAL, Justice.

Appellant urges again that the trial court erred in refusing to grant his petition for mandamus requesting that the State furnish him with copies of its records regarding prospective jurors who have prior criminal jury service. He further contends that this Court erred in its prior opinion holding that the juror information cards in possession of the State were excepted from disclosure under § 3(a)(1) of the Texas Open Records Act.

The Texas Open Records Act, Tex.Rev. Civ.Stat.Ann. art. 6252–17a (Vernon Supp. 1982), states that all information collected by governmental bodies in connection with the transaction of official business is public information, available to the public during normal duty hours, with certain exceptions:

(1) information deemed confidential ... by judicial decision; ...

   \*       \*       \*       \*       \*       \*

(3) information relating to litigation of a criminal ... nature ... that ... the respective attorneys of the various political subdivision (have) determined should be withheld from public inspection; ...

   \*       \*       \*       \*       \*       \*

(8) records of law enforcement agencies ... which are maintained for internal use in matters relating to law enforcement; ....

If a governmental body receives a request for information which it considers to fall within one of the exceptions but there has not been a previous determination on that issue, the governmental body has ten (10) days from the request to ask for a decision from the attorney general. If no decision is requested, "the information shall be presumed to be public information."

In the present case appellant filed his Request for State's Records of Prior Jury Service of Prospective Jurors with the trial court, and certified that a copy was delivered to the criminal district attorney of Bexar County eleven (11) days prior to trial. The request averred that the district attorney had in its possession a complete record of the jury service of all persons who have served on criminal juries during the last several years, including notations of verdicts rendered. Appellant contended that he was entitled to inspect this record to aid him in selecting the jury in the present case. He requested an opportunity to inspect the records after he had received his jury list in the present case. The district attorney did not request an opinion on this matter from the attorney general. On the day of trial appellant's attorney brought up the request. The State took the position that the records were work product, and the defense had no right to them under any legal theory. The appellant then filed his Petition for Mandamus, which was denied by the trial judge.

According to the jury information forms made a part of the record, only four members of the panel had prior criminal jury service. One of the four was excused because of illness. The prior service of a second juror was in El Paso County, and no verdict was reached. The questioning of the third juror revealed that his prior service had actually been in a civil suit, and he was challenged peremptorily by the State. The fourth juror, Mr. Perez, in response to State questions, stated he had served on a jury a year ago for a shooting, and the jury had reached a verdict. The defense asked no questions of Perez relating to the prior jury service. He was asked questions about the credibility of police officers, and a defense challenge for cause in this area was overruled. The defense struck Perez peremptorily.

The prior opinion of this Court stated that the information "having been deemed confidential by judicial decision," came within one of the exceptions to the Act, article 6252–17a, § 3(a)(1), citing *Martin v. State,* 577 S.W.2d 490, 491 (Tex.Cr.App.

1979) and *Linebarger v. State,* 469 S.W.2d 165 (Tex.Cr.App.1971). The appellant correctly points out in his brief that the cases cited do not have the specific holding of confidentiality. The cases do stand for the authority that the district attorney's records is an inappropriate source of information in regard to prospective jurors. This draws attention to the fact that the appellant was not seeking public information *per se* (which is the purpose of the Open Records Act); he was seeking particular district attorney records, which may or may not have the desired information and may or may not have confidential information maintained for internal use relating to law enforcement. No one contends that a defense attorney should be prohibited from knowing the verdict a member of a current jury panel might have rendered in a previous trial. The verdict and the jurors who rendered it are of record in the court where the verdict was returned and in the district clerk's office. At all stages these records and the information contained therein have been available to appellant's counsel.

The issue before this Court is not whether appellant should have had access to the information (we agree that he should) but whether the trial judge erred in denying mandamus. Mandamus is an extraordinary remedy and issues only where the party has a right to have something done and has no other way of compelling its performance. *Dula v. Bush,* 136 S.W.2d 898, 899 (Tex.Civ.App.—Dallas 1940, no writ). Ordinarily, a writ of mandamus must be the last resort and will be refused if there is another remedy which is effective and complete. *Gonzales v. Stevens,* 427 S.W.2d 694, 702 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). The other remedy must be as convenient, beneficial and effective as the remedy of mandamus. *Simpson v. Williams Rural High School District,* 153 S.W.2d 852, 856 (Tex.Civ.App.—Amarillo 1941, writ ref'd). An appellate court will not reverse a refusal of a trial court to grant a writ of mandamus unless it is made to appear that the trial court abused its discretion in denying the writ. *Alice National Bank v. Ed-*

*ward,* 408 S.W.2d 307, 311 (Tex.Civ.App.—Corpus Christi 1966, no writ). A trial court should not grant a writ of mandamus unless it is convinced that the issuance of such writ will effectively achieve the purpose sought by the petitioner. *Economic Opportunities Development Corp. of San Antonio v. Bustamante,* 562 S.W.2d 266, 267 (Tex. Civ.App.—San Antonio 1978, writ dism'd). Here appellant never showed that the district attorney had records containing the information on prior verdicts rendered by any member of the jury panel, just that the records had been generally kept over the years.

■ Here there was only one prospective juror whose prior verdict might have been of interest to the appellant. The simplest, most direct, and appropriate method of obtaining the information would have been to ask the juror what his verdict had been. There is no showing that there would have been an objection to such a question or that the trial judge would not have permitted the question. Trial judges have authority to limit questions on voir dire in the interest of time. *Hughes v. State,* 562 S.W.2d 857 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250; *Bodde v. State,* 568 S.W.2d 344 (Tex.Cr.App.1978), *cert. denied,* 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784. The decision as to the propriety of a particular question is left to the trial judge's discretion and only an abuse of such discretion will call for a reversal on appeal. *Clark v. State,* 608 S.W.2d 667 (Tex.Cr.App.1980);

*Milton v. State,* 599 S.W.2d 824 (Tex.Cr. App.1980), *cert. denied,* 451 U.S. 1031, 101 S.Ct. 3022, 69 L.Ed.2d 400. Some judges have not permitted the question. *Redd v. State,* 578 S.W.2d 129 (Tex.Cr.App.1979). It is not reversible error to preclude the question, *Wragg v. State,* 65 Tex.Cr.R. 131, 145 S.W. 342 (1912), but no statute or case law prohibits the question from being asked. We fail to see how time is saved by permitting inquiries as to prior jury service, which court, what offense, and when, but not permitting the question as to the verdict.

■ If the question had not been permitted, the appellant still had the opportunity to obtain the information sought from the district clerk's office and would have been allowed time to do so. This would have been an accurate and specific source of the information and would not have unnecessarily revealed other sensitive memoranda in the district attorney's records.

Since there were other remedies more appropriate and equally effective, the denial of mandamus was correct. *Simpson, supra; Gonzales, supra; Dula, supra.*

Motion for rehearing is denied.

CANTU, Justice, dissenting.

The majority opinion does not give due consideration to the express declaration of policy underlying the purposes of the "Texas Open Records Act."[1] Tex.Rev.Civ.Stat. Ann. art. 6252–17a (Vernon Supp.1982–1983).

1. Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the State of Texas that all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. To that end, the provisions of this Act shall be liberally construed with the view of carrying out the above declaration of public policy.
Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 1 (Vernon Supp.1982–1983).
See also section 14(b) and (d):
(b) This Act does not authorize the withholding of information or limit the availability of public records to the public, except as expressly so provided.
(d) This Act shall be liberally construed in favor of the granting of any request for information.
*Id.* at § 14(b), (d).

Unlike the original panel the majority now concedes that appellant fully complied with all the required procedures of sections 7 and 8 of the Act. On original submission, the court's opinion relied exclusively upon section 3(a)(1) of article 6252–17a to foreclose appellant's entitlement to the information sought. On rehearing en banc the original draft of the majority opinion (since withdrawn) retreated from the position taken by the original panel and embraced the harmless error doctrine and various other subsections of section 3 of article 6252–17a. Undoubtedly feeling uncomfortable with the harmless error argument the majority now concedes that appellant was entitled to the information sought and should have had access to it. Nevertheless, the majority reasons that mandamus was not an available remedy because appellant had two other remedies which were as effective and complete.

While recognizing that the information sought to be obtained by appellant might conveniently be obtained through the simple expediency of a question asked and an answer permitted, the majority ignores the posture historically taken by the Court of Criminal Appeals to this approach. *See* *Wragg v. State,* 65 Tex.Cr.R. 131, 145 S.W. 342 (1912); *Cavitt v. State,* 15 Tex.App. 190, 199 (1883).

The irony in this case is that appellant is now faulted for doing exactly what the Court of Criminal Appeals has held he must do in order to obtain the information sought. *Redd v. State,* 578 S.W.2d 129 (Tex.Cr.App.1979).

In the alternative the majority suggests that if the doing of a useless thing results in futility, appellant still might resort to a search of the district clerk's records to discover the information sought.

While it may be true, as the majority now suggests, that the information requested was available through the district clerk's office, yet that information is not obtainable until the prospective juror's identity is first learned, which in all cases occurs immediately prior to or simultaneous with voir dire examination. Even then the identity of the prospective juror may be meaningless if the venireman is unable to recall the case he served in, the date of prior service and the court wherein the case was heard. Indeed, a defense attorney might not be able to be in a position to search the public records until substantial voir dire revealed the necessary facts, if it did, to permit meaningful independent research of available records. Such a task would be next to impossible in counties containing large metropolitan areas and numerous courts and would result in unnecessary delay in the administration of justice.

Just what sensitive memoranda in the district attorney's juror cards might be revealed is not disclosed by the majority, but it seems to me that such sensitive information, if it does exist, might constitute *Brady*[2] material and might perhaps be discoverable without resort to the "Texas Open Records Act."

In assuming its new posture the majority concedes that the alternate remedy must be as convenient, as beneficial and as effective as the remedy of mandamus. *Simpson v. Williams Rural High School District,* 153 S.W.2d 852 (Tex.Civ.App.—Amarillo 1941, writ ref'd). Whether the alternate remedies suggested by the majority are more appropriate and effective is debatable. The numerous obstacles advanced by the majority at various stages of the opinion preparation, most now discarded, nevertheless merit passing comments. These obstacles have included sections 3(a)(1); 3(a)(3); 3(a)(8) and 3(a)(11).

While juror participation in a prior case can perhaps be categorized "information relating to litigation of a criminal or civil nature ... to which the State or political subdivision is, or may be, a party...." Section 3(a)(3), I do not see how that which is a matter of public record by statute, *see* Tex.Code Crim.Proc.Ann. art. 37.04 (Vernon 1981) (requiring the jurors to state their verdict in open court and the verdicts entered into the minutes), can become inacces-

2. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

sible by virtue of what is titled an "Open Records Act." This exclusion perhaps would be better applied to in camera proceedings and sealed records, etc.

Of even more questionable validity is the proposition that the information sought is protected as "records of law enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law enforcement agencies which are maintained for internal use in matters relating to law enforcement." Section 3(a)(8). But even if the information could be classified as dealing with law enforcement investigations, it would still not be protected from disclosure unless the inquiries concerned the criminal histories of the prospective jurors. Tex. Att'y.Gen. ORD–216 (1978). Even then appellant would be entitled to the information if it contained information relevant to a potential juror's disqualification. *See* Tex. Code Crim.Proc.Ann. art. 35.16 (Vernon 1981).

The items sought by appellant are pure and simple compilations of matters constituting integral information found in public documents. Both the Federal and Texas Constitutions guarantee an accused the right to a public trial by an impartial jury. U.S. Const. Amend. VI; Tex. Const. art. I, § 10; *see also* Tex.Code Crim.Proc.Ann. art. 1.24 (Vernon 1977). The fact that the act of the jury is reduced to writing in returning a verdict, be it of guilty or acquittal, does not render their act any less public. Undoubtedly any person with time and resources could compile the same information sought to be exempted from disclosure by the State.

It is the express intention of the Act that the manner of voting in public hearings be made public and accessible through the Act. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 6(4), (12) (Vernon Supp.1982–1983).[3] I see no reason to grant the voting record of a particular juror any more sanctity than the verdict of the trial court would merit in a non-jury case. They are both public acts.

Any argument one might put forward for nondisclosure inevitably will serve to point out the very reason why disclosure is mandated. Why should the State be in a better position to more intelligently exercise its peremptory challenges than the accused? It may well be that such information is not required to be kept as a record. However, the fact that there is no statutory duty to compile such information should not serve to prohibit its disclosure once it is compiled.

Section 3(a)(11) is even less persuasive as an exception to disclosure.[4] The very public nature of the information refutes the possibility that it would not be available by law. By specifically naming eighteen exceptions from disclosure, the Legislature expressed its intention to make all other records discoverable. *Texas Industrial Accident Board v. Industrial Foundation of the South,* 526 S.W.2d 211 (Tex.Civ.App.—Beaumont 1975), *aff'd,* 540 S.W.2d 668 (Tex. 1968), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

The majority on original submission sought to justify exclusion under 3(a)(8) and I agree that the records are made "to aid the Criminal District Attorney in the preparation of their case and are made by their staff for their aid."

---

**3.** Section 6 provides:

Without limiting the meaning of other sections of this Act, the following categories of information are specifically made public information:

  *   *   *   *   *   *

(4) the names of every official and the final record of voting on all proceedings in governmental bodies;

  *   *   *   *   *   *

(12) final opinions, including concurring and dissenting opinions, as well as orders made in adjudication of cases; . . .

Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 6(4), (12) (Vernon Supp.1982–1983).

**4.** Section 3(a)(11) provides as an exception to disclosure:

inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency.

Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 3(a)(11) (Vernon Supp.1982–1983).

I would add, however, that the records are made likewise for the purpose of giving the State an unfair advantage during jury selection. It is not the making of the record that is offensive to due process nor does appellant object to the compilation of the information. It is the refusal to disclose that is offensive and of which appellant complains.

There remains, however, the question originally raised by the majority and now discarded of harmless error. The constitutional rights to counsel and trial by jury carry with them the right of counsel to interrogate the members of the jury panel for the purpose of enabling counsel to exercise intelligently his peremptory challenges. *Trevino v. State,* 572 S.W.2d 336 (Tex.Cr. App.1978).

Undoubtedly, there also exists a duty as well as a right to discover and investigate facts that will enhance the process of intelligently exercising peremptory challenges.

I, therefore, find no perceptible difference between being deprived of potentially valuable public records and potentially valuable answers to questions designed to reveal possible biases of prospective jurors. In either event, a prohibition would severely impede the intelligent exercise of a valuable right. *Cf. Trevino v. State, supra.*

Nor do I find the right violated in the instant case any less valuable than that guaranteed by Tex.Code Crim.Proc.Ann. art. 35.11 (Vernon 1966).[5] Nothing in the Act requires that appellant show harm or even probable harm as a prerequisite to obtaining the information.

Having shown his entitlement to the information which the State never denied existed, appellant should not be further required to show harm, which in most cases would be an impossible task. If on the other hand, as the State belatedly now claims on appeal, there never existed a jur-

or information card on the particular jurors in the venire panel, then the State was bound to disclose nothing.[6]

The majority opinion offers persuasive reasoning for abrogating the rule prohibiting the interrogation of prospective jurors on the very matter sought to be discovered under the "Act." This additional method of discovery, although not the subject matter of this appeal were it available to appellant, would not in my opinion, eliminate the State's duty to comply with article 6252–17a. It would, however, render the majority opinion's argument of harmless error more palatable. I do not believe that appellant should be saddled with harmless error because he did not attempt to do what the Court of Criminal Appeals has long held he cannot do. *Wragg v. State, supra; see also Cavitt v. State, supra.*

The argument now advanced by the majority is premised upon an illogical postulate that alternate effective remedies exist which abrogate the need to comply with the clear language of the "Act."

It is said that appellant showed his entitlement to the information and that he should have had the benefit of the information but that the language of the Act may be disregarded because the same information may be gathered through use of self help on the part of appellant. In effect the majority concludes that mandamus under the Act is not available unless the information sought is inaccessible otherwise. The argument, is, I suggest, absurd.

The purpose of the writ of mandamus is to enforce performance of a duty clearly defined by law. *Jefferson v. McFaddin,* 178 S.W. 714 (Tex.Civ.App.—Galveston 1915, no writ).

Mandamus will not issue unless it is reasonably necessary to the enforcement or establishment of the right that is sought to

---

5. A failure to comply with the reshuffling statute when invoked will result in reversal without a showing of harm. *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977); *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App.1975);

*Woerner v. State,* 523 S.W.2d 717 (Tex.Cr.App. 1975).

6. Disclosure of any other juror information would be meaningless to appellant at his trial and would work no harm to the State.

be secured, *Simpson v. McDonald,* 142 Tex. 444, 179 S.W.2d 239 (1944) and it is not awarded as a matter of right but its issuance rests largely in the sound judicial discretion of the court. Yet a court may not arbitrarily deny the writ. In fact a court is without power to deny the writ to an applicant who brings his case clearly within the established principles. *Navarro County v. Tullos,* 237 S.W. 982 (Tex.Civ. App.—Dallas 1922, writ ref'd).

I am especially troubled by the majority's reliance upon appellant's failure to procure the information from other sources. Either the "Act" means what it says or the "Act" has no meaning at all. Once appellant has shown compliance with the request provisions and failure on the part of the State to comply or seek a ruling from the Attorney General, the items sought to be disclosed are presumed to be public records. Section 7(a). There is no requirement in the Act that the information sought to be procured first be sought from other sources. Such a requirement engrafts upon the statute what the Legislature sought not to include.

Traditionally, the Court of Criminal Appeals has disposed of contentions not unlike appellant's on the basis of non-abuse of discretion. *See Bolden v. State,* 634 S.W.2d 710 (Tex.Cr.App.1982); *Redd v. State,* 578 S.W.2d 129 (Tex.Cr.App.1979) *Trevino v. State,* 572 S.W.2d 336 (Tex.Cr.App.1978); *Enamus v. State,* 526 S.W.2d 806 (Tex.Cr. App.1975).

Although the Court of Criminal Appeals continues to review contentions using the abuse of discretion standard, I fail to see how such a standard may be applicable to a case where a defendant has brought himself within the letter of compliance for disclosure. I, therefore, do not consider *Bolden v. State, supra; Trevino v. State, supra; Emanus v. State, supra;* or *Redd v. State, supra,* controlling. In *Redd* the very question before this court was left unanswered because of failure to comply with the statute's requisites. I find nothing in the *Redd* opinion hinting that the defendant would encounter further obstacles should he successfully overcome the initial hurdle.

In the absence of some action by the State to rebut the legal presumption created by the Act there can be no basis for a finding that the trial court did not abuse its discretion. To the contrary, I would think that an abuse of discretion is shown as a matter of law.

Assuming for the sake of argument that the "Act" does not mean what it says and that the right to relief by mandamus accorded by it requires exhaustion of all other remedies, still the remedies alluded to by the majority are illusive at best.

It has been said that,

Another existing remedy, to prevent resort to mandamus, must be plain, accurate, certain, speedy, and adequate for the relief of the relator ... [it] must not only be adequate in the general sense of the term, but must be specific and appropriate to the particular circumstances of the case; that is, the remedy must afford relief on the very subject matter of the controversy and give the relator the particular right that the law affords him. Moreover, it must be equally as convenient, beneficial, and effective as the remedy by mandamus, and issuance of the writ will not be prevented by the existence of other inaccurate or tedious modes of redress.

37 Tex.Jur.2d Mandamus § 13, pp. 603–604 (1962); *see also Seagraves v. Green,* 116 Tex. 220, 288 S.W. 417 (1926).

It has been held that a relator will not be deprived of a right to the writ by the fact that he might himself do the acts sought to be compelled. *International Water Co. v. El Paso,* 51 Tex.Civ.App. 321, 112 S.W. 816 (Tex.Civ.App.1908, writ ref'd).

It would seem that in the absence of a statute specifically providing for inspection of public records the common law would in any event grant such right. *Palacios v. Corbett,* 172 S.W. 777 (Tex.Civ.App.—San Antonio 1915, writ ref'd).

In *Palacios* it was recognized that the common law right of inspection remains although a special statutory right is given. In quoting from *Tennessee ex rel Wellford*

*v. Williams,* 110 Tenn. 549, 75 S.W. 948 (1903) this court stated:

> [T]he exercise of such power [of inspection], if prudently and carefully guarded, cannot be otherwise than salutary, because the knowledge that it can be exercised by a citizen and taxpayer, and may be exercised when the public good shall seem, on sound reasons, to demand it, cannot result otherwise than in producing an added sense of responsibility in those who administer the affairs of municipal corporations, and in inducing a greater carefulness in the discharge of the trusts imposed upon them by their fellow citizens under the sanctions of law.

*Palacios, supra* at 782.

Appellant has shown his entitlement to the information sought and the majority has recognized his right to the information. It should go one step further by holding that the trial court abused its discretion in failing to grant mandamus relief.

I would grant appellant's motion for rehearing and reverse the judgment of the trial court and remand the cause for a new trial.

CADENA, C.J., joins in dissent.