**Jesse Lee WHITING, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–95–01485–CR to 01–95–01487–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 13, 1997.

Clyde Williams, Houston, for Appellant.

William Delmore, III, Houston, for Appellee. ·

Before HUTSON–DUNN,* O'CONNOR and HEDGES, JJ.

## OPINION

HUTSON–DUNN, Justice (Retired).

Appellant, Jesse Lee Whiting, Jr., was charged in separate indictments with the commission of three aggravated robberies. Each of the indictments contained an enhancement paragraph. Appellant pleaded not guilty to one indictment and pleaded guilty to the other two indictments. The jury found appellant guilty on the first indictment, and the trial court assessed punishment at 55 years in prison for all three indictments to run concurrently. We affirm.

### Facts

On February 21, 1995, appellant used a deadly weapon to rob the cashier of a Houston convenience store. Appellant left the convenience store with his loot, which consisted of cash, 10 packages of cigarettes, and a package of disposable razors. The clerk then notified the police that he had been robbed and that appellant had left the store on a bicycle.

Police officers spotted appellant riding his bicycle in the vicinity of the store. After a brief chase, the officers arrested appellant,

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

who was still in possession of the stolen goods. The officers then returned to the store with appellant, where the clerk positively identified him as the man who had robbed him earlier. The store security camera also revealed that it was appellant who robbed the clerk.

Appellant pleaded not guilty to the indictment arising from this robbery, but the jury found him guilty. Appellant initially elected to have the jury assess his punishment; however, after the State presented its evidence at the punishment stage of trial, the trial court allowed appellant to change his election. Instead of having the jury assess punishment, appellant agreed to have the trial court assess punishment in exchange for his agreement to enter pleas of guilty in the two remaining indictments.[1]

On appeal, appellant argues the trial court erred by: (1) not sustaining an objectionable question to a juror; (2) prohibiting voir dire of a particular juror; (3) denying appellant his sixth amendment right to an impartial jury; (4) not finding that a juror committed misconduct when he withheld information in voir dire; (5) denying appellant due process under the Fifth and Fourteenth Amendments of the United States Constitution; and (6) failing to grant a mistrial based upon the response of an officer to one of the prosecutor's questions. Lastly, in point of error seven, appellant argues he entered involuntary pleas on the other two cases.

### Voir Dire Inquiry

■ In point of error one, appellant argues the trial court erred by overruling his objection to the relevance of a voir dire inquiry. Appellant contends the prosecutor's question regarding the verdict of a trial in which a venireperson previously served as a juror was improper. We disagree.

In this case, venireperson Jo Hazlett informed the prosecutor that she had served on a jury in a rape case that resulted in the defendant's conviction. The prosecutor then asked Hazlett what sentence the jury assessed, and appellant objected on "grounds

of relevance." After the trial court overruled the objection, Hazlett explained the sentence "seemed like it ended up being something like thirty-five years." Hazlett also explained, without objection, that she personally had been "pulling for" a 99–year sentence.

The prosecutor also asked venireperson Ollie Hutton about the outcome of a case in which she had served as a juror. Hutton explained that she had served on a jury that gave "the max" to a defendant who took a firearm inside a liquor-licensed premises and shot someone. Defense counsel requested a running objection to the question, and explained to the trial court that while it is permissible for the prosecutor to ask whether earlier jury service resulted in a conviction, it is impermissible to ask what sentence was given. The trial court sustained the objection.

Next, the prosecutor asked venireperson Beverly Fischer whether the defendants were convicted in the trials in which she had earlier server as a juror. Fischer replied that one trial resulted in a 99–year sentence and a fine, and the other defendant received a life sentence. The trial court then instructed the prosecutor to avoid eliciting similar information, and instructed the jury panel to "disregard what any prospective juror said regarding how long or how much punishment was assessed in any particular case."

■ It is a well-established principle that the conduct of voir dire rests largely within the discretion of the trial court. *Boyd v. State,* 811 S.W.2d 105, 115 (Tex.Crim.App. 1991); *Espinoza v. State,* 653 S.W.2d 446, 450 (Tex.App.—San Antonio 1982), *aff'd,* 669 S.W.2d 736 (Tex.Crim.App.1984). Therefore, the decision as to the propriety of a particular question is left to the trial court's discretion, and only an abuse of discretion will call for a reversal on appeal. *Clark v. State,* 608 S.W.2d 667, 670 (Tex.Crim.App.1980); *Espinoza,* 653 S.W.2d at 450.

Here, the trial court did not abuse its discretion in overruling appellant's initial objection to the prosecutor's question at issue.

---

1. In cause number 687,479 appellant was charged with the aggravated robbery of a convenience store clerk on February 14, 1995. In cause number 687,480 appellant was charged with the aggravated robbery of a convenience store clerk on February 20, 1995.

The record does not indicate that the prosecutor's inquiry unduly delayed the voir dire examination, and appellant has not explained how he was harmed or prejudiced by the trial court's decision to permit the question. Moreover, even if the veniremembers were somehow affected by the responses to the prosecutor's questions, the trial court's admonition to disregard the statements clearly precluded any harm to appellant.

We overrule point of error one.

### Juror Misconduct

■ In points of error two and four, appellant argues the trial court erred in refusing to declare a mistrial when one of the seated jurors withheld material information during voir dire. He also argues the trial court erred by not allowing him to cross-examine the juror after the juror communicated the material information to the trial court. We disagree.

After the jury was selected and impaneled, and during the testimony of the complaining witness, Eldon Meeks notified the trial court that he recognized the complainant as his neighbor. Although Meeks admitted that he did not know the complainant's name, he stated that he had spoken with the complainant in the past when taking out his garbage. At this point, the defense attorney asked that the panel be quashed because of Meeks' acquaintance with the complainant. The trial court denied the request, and instead asked Meeks if his familiarity with the complainant would create bias or prejudice against the defendant. Meeks answered "no." [2] The defense attorney then asked the trial court if he could cross-examine Meeks, and the trial court denied his request.

The Court of Criminal Appeals addressed this issue in *Decker v. State*, 717 S.W.2d 903 (Tex.Crim.App.1983.) In *Decker*, the defense attorney asked if any of the panel members knew the complainant. *Decker*, 717 S.W.2d at 907. A potential juror, L.J. Rich, did not respond to the question, but once trial began, Rich realized that the complaining witness

was a co-worker. *Id.* at 907. Rich explained to the trial court, as did Meeks, that he was only an acquaintance of the complaining witness and that he did not recognize the complaining witnesses' name when mentioned during voir dire. *Id.* On rehearing, the court held that Rich's conduct did not constitute juror misconduct and that there was no potential for bias or prejudice on his part. *Id.* The court explained that because the relationship between Rich and the complaining witness was only an acquaintanceship, the information was not material and the potential for prejudice or bias on the part of Rich did not exist. *Id.*

Here, as in *Decker*, Meeks did not intentionally give false information to the attorneys during voir dire. Rather, the record shows that Meeks did not realize that he knew the complaining witness until he saw the complaining witness walk into the courtroom during trial. Upon recognizing the complaining witness, he immediately informed the trial court. Further, we find that the information was not material, in that the record shows that Meeks' acquaintanceship with the complaining witness was only that—an acquaintanceship through meeting in their apartment complex parking lot. There was evidence that the two men had never socialized together or had any type of friendship. They merely lived in the same complex. Thus, we find that the trial judge did not abuse its discretion in finding that the relationship did not create the potential for prejudice or bias on the part of Meeks— especially in light of Meeks' testimony that the relationship would not affect his decision in the case.

■ We also are not persuaded by appellant's argument that the trial court erred by not allowing him to cross-examine Meeks. Appellant argues that once the trial court had finished questioning Meeks, he should have had the opportunity to question Meeks as well. Although appellant acknowledges Meeks' statement that he would not be prejudiced against the defendant because of his

---

**2.** Meeks also explained to the trial court that the reason he did not bring this issue to the trial court's attention earlier was because he did not know the complainant's name. Even though the

complainant's name was mentioned and spelled out during voir dire, Meeks claimed that "it didn't ring a bell."

acquaintanceship with the complaining witness, appellant contends that he was improperly denied the opportunity to explore this area more fully. We disagree.

█ It is not error for the trial court to terminate the voir dire examination of a prospective juror when the trial court's inquiries make it clear that the juror is "conclusively biased." *Howard v. State*, 941 S.W.2d 102, 113 (Tex.Crim.App.1996). While *Howard* dealt with the questioning of a prospective juror, and not an impaneled juror such as Meeks, the rationale from that case applies here. That is, if the trial court has questioned a potential or impaneled juror and has determined from the juror's answers that he is conclusively biased or unbiased, then the trial court is within its discretion to terminate further voir dire of that juror.

Here, the trial court asked Meeks if his acquaintanceship with the complaining witness would cause him to be biased or prejudiced against the defendant. Meeks answered "no." Appellant's counsel then explained that he would like to ask Meeks "if he thinks that the fact this is a neighbor of his would make him more sympathetic to the complainant." Although the trial court denied appellant's request, the trial court rephrased its original question to Meeks and, again, asked Meeks "if he would be more inclined to vote for a conviction" based on his relationship with the complaining witness. Meeks responded that he would hold the State to the same burden.

We find that Meeks' responses to the trial court's questions made it clear that he was not biased against appellant and that he would not vote for a conviction unless the State proved its case beyond a reasonable doubt. Therefore, the trial court did not abuse its discretion by refusing appellant the opportunity for additional questioning.

3. The record shows that appellant agreed the trial court would assess punishment, in exchange for his pleas of guilty in the two remaining cases. Once this agreement took place, the trial court stated that it "was disregarding totally the testimony of H.P.D. Sergeant Roger L. Stoppelberg for the purposes of this record." Therefore, although the trial court is no longer presumed to disregard inadmissible testimony, an appellate court may rely upon a trial court's express representation that it was not relying upon particular evidence in reaching its decision. *Matter of R.M.*, 880 S.W.2d 297, 299 (Tex.App.—Fort Worth 1994, no writ).

We overrule points of error two and four.

Because points of error three and five raise violations of appellant's constitutional rights based on the same issues discussed in points of error two and four, we overrule those points of error.

### Motion for Mistrial

█ In point of error six, appellant argues the trial court improperly denied his motion for mistrial after a punishment phase witness referred to appellant's post-arrest silence. The record, however, reveals that appellant withdrew his motion for mistrial when he changed his election to have the jury assess punishments.[3] Therefore, because appellant expressly withdrew his request for the relief upon which point of error six is predicated, we overrule point of error six. *See* TEX.R.APP. P. 52(a)

### Involuntary Plea

█ In point of error seven, appellant argues he entered involuntary guilty pleas in cause numbers 687,479 and 687,480. While it is difficult to ascertain the exact nature of appellant's complaint in this point of error, the gravamen of his complaint is that his plea was involuntary because he thought the charges were going to be dismissed. He also claims that he was promised a sentence of no more than 15 years. We disagree.

█ Article 26.13 of the Code of Criminal Procedure requires that "no plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1981); *Hughes v. State*, 878 S.W.2d 142, 162 (Tex.Crim.App.1992); *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). When the record shows that the trial court admonished the defendant on punishment, it is a prima facie showing that the plea was

knowing and voluntary. *Ex parte Williams,* 704 S.W.2d 773, 775 (Tex.Crim.App.1986); *Forcha v. State,* 894 S.W.2d 506, 509 (Tex. App.—Houston [1st Dist.] 1995, no pet.). Once an accused attests that he understands the nature of his plea and that it is voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. *Edwards v. State,* 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

 In this case, the transcripts for cause numbers 687,479 and 687,480 each contain appellant's signed admonishments. In the admonishments, he acknowledged his awareness that he was pleading guilty to two first degree felonies, punishable by confinement in prison for up to 99 years or life, and payment of a $10,000 fine. The admonishments also contained appellant's attestation that he fully understood the admonitions and the consequences of his guilty pleas. The trial court therefore was not required by statute or caselaw to question appellant further about the voluntariness of his plea. *See Gonzales v. State,* 899 S.W.2d 819, 821 (Tex. App.—Fort Worth 1995, pet. ref'd).

Despite his signed admonishments, appellant contends that he did not understand that he was pleading guilty to two other charges against him. The record in this case shows otherwise:

Mr. Moore: Your Honor, may I take my— put my client on the record about this just so we understand what the arrangement is?

The Court: Were you all anticipating that you were going to change your election on this case which he's already been found guilty on and enter pleas on the other two causes?

Mr. Alford: That was my understanding of what Mr. Hawkins entered into with Mr. Moore.

The Court: All to run concurrent?

Mr. Hawkins: Yes, correct.

Mr. Moore: Can I have a moment with my client?

The Court: Sure.

(Off-the-record discussion.)

Mr. Moore: Judge, Mr. Whiting has agreed to plead guilty on the other two cases and run them concurrently with whatever sentence he receives on this case.

The Court: Is that your understanding, Mr. Whiting, that you're going to do?

The Defendant: **Yeah, it is.**

The Court: So that it's real clear, the case we've been in trial on, Cause Number 687196— the other two pending cases are 687479 and 687480.

Appellant's own statement to the trial court that he understood that he would plead guilty to the other indictments also shows that he voluntarily and knowingly entered guilty pleas to the other aggravated robbery charges. At the very least, this statement, when viewed along with appellant's signed admonishments, shows that he did not meet his "heavy burden" on appeal.

Based upon appellant's signed admonishments, his judicial confession, and his own statement to the trial court, we find that appellant voluntarily and knowingly entered guilty pleas on the other indictments.

We overrule point of error seven.

The trial court's judgment is affirmed.