**Arthur G. HENDRICKS, Appellant,**

**v.**

**The BOARD OF TRUSTEES OF the SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 16505.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 17, 1975.

Rehearing Denied Aug. 14, 1975.

Carroll J. Boudreaux, Houston, for appellant.

Grant Cook, Houston, Reynolds, White, Allen & Cook, Houston, of counsel, for appellee.

COLEMAN, Chief Justice.

This is an appeal from the judgment of the District Court of Harris County, Texas,

denying appellant's application for writ of mandamus to compel the Board of Trustees of the Spring Branch Independent School District to furnish him access to various records of that school district without requiring him to reimburse the school district for its costs incurred in the retrieving, assimilation and production of those records. The principal issue is the question of whether Article 6252–17a, Vernon's Ann. Texas Revised Civil Statutes, authorizes a governmental agency to make a charge for access to public records where such agency incurs expense in making such records available for inspection. We conclude that such a charge is authorized by law and accordingly affirm the action of the trial court in denying mandamus.

The petitioner properly requested the custodian of the public records of the Spring Branch Independent School District to produce for his inspection certain of the district's financial records for a 7-year period, some four or five hundred thousand documents. In his answer to this letter Dr. Landrum, the custodian of the records, stated:

"The magnitude of the records search that you now demand is of such tremendous proportions that we are, in accordance with Article 6252–17(a), Section 9(b), setting about to consult with the State Board of Control to ascertain a fair and equitable, but sufficient, charge for access to those records and documents and will advise you as soon as possible of the cost, which we will require in advance, for such access after that figure has been determined through consultation with the State Board of Control."

The demand letter was dated October 16, 1974. Superintendent Landrum's letter in response was dated October 28, 1974, and the original petition for mandamus was filed by Mr. Hendricks on November 13, 1974.

The location and form of the material requested were not fully established at the hearing. Some of the items requested were readily available in the business office. One such item was the minutes of the Board of Trustees which, it appears from the briefs, petitioner was later permitted to examine without charge. Other records were kept on micro-film and in computer data banks. Some of the records are stored in warehouses; others, in the form of computer printouts, are available in the business office. It is not established where or how bank statements, cancelled checks, or deposit slips are kept.

House Bill No. 6 passed at the regular session of the 63rd Legislature [Vernon's Annotated Civil Statutes, Art. 6252–17(a), paragraphs 1 to 15] was entitled "An Act relating to the accessibility of information in the custody of certain governmental agencies and bodies; prescribing penalty; and declaring an emergency." Section 1 of this Act reads:

". . . It is hereby declared to be the public policy of the State of Texas that all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. . . . To that end, the provisions of this Act shall be liberally construed with the view of carrying out the above declaration of public policy."

Section 4 of House Bill No. 6 provides:

"On application for public information to the custodian of information in a governmental body by any person, the custodian shall promptly produce such information for inspection or duplication, or both, in the offices of the governmental body. If the information is in active use or in storage and, therefore, not available at the time a person asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within a reasonable time when

the record will be available for the exercise of the right given by this Act . ."

Paragraph (a) of Section 5 of the Act makes it a duty of the custodian of public records to see that the public records are made available for public inspection and copying. Paragraph (b) of said section provides:

"Neither the custodian nor his agent who controls the use of public records shall make any inquiry of any person who applies for inspection or copying of public records beyond the purpose of establishing the proper identification and the public records being requested; and the custodian or his agent shall give, grant, and extend to the person requesting public records all reasonable comfort and facility for the full exercise of the right granted by this Act."

Section 13 provides that "each governmental body may promulgate reasonable rules of procedure by which public records may be inspected efficiently, safely, and without delay."

Paragraph (b) of Section 14 provides that the Act "does not authorize the withholding of information or limit the availability of public records to the public, except as expressly so provided."

Section 8 of the Act provides that on refusal of a governmental body to supply public information the person requesting the information "may seek a writ of mandamus compelling the governmental body to make the information available for public inspection."

Paragraphs (a) and (b) of Section 9 appear in House Bill 6 under the heading "Cost of copies of public records." Paragraph (a) reads:

"The cost to any person requesting noncertified photographic reproductions of public records comprised of pages up to legal size shall not be excessive. The State Board of Control shall from time to time determine the actual cost of standard size reproductions and shall periodi-

cally publish these cost figures for use by agencies in determining charges to be made pursuant to this Act."

Paragraphs (c), (d), (e), and (f) all relate to copies of public records.

■ Paragraph (b) of Section 9 reads:

"Charges made for access to public records comprised in any form other than up to standard sized pages or in computer record banks, micro-film records, or other similar record keeping systems, shall be set upon consultation between the custodian of the records and the State Board of Control, giving due consideration to the expenses involved in providing the public records making every effort to match the charges with the actual cost of providing the records."

This paragraph does not speak of copies of public records; it speaks of charges made for access to public records and to providing public records. We consider that it authorizes the public body to make a charge for access to public records corresponding to the actual cost of making the records available for inspection if the records are larger than standard size or if they are maintained in computer record banks, micro-film records, or other similar record keeping systems.

Petitioner contends that read literally this paragraph authorizes charges to be made for access to public records kept in a manner other than up to standard size pages, computer record banks, micro-film records or other similar record keeping systems. Under this construction of the paragraph in question the public body is authorized to make charges for access only in the case records are kept on larger than standard size pages. Such a construction is unreasonable. The purpose of the provision appears to be to allow the agency to recover the actual cost of providing a service to the public, and this provision of the Act should be construed to effectuate that purpose. 53 Tex.Jur.2d, Statutes, §§ 132, 133, 134.

The proper rule for construing a statute is found in *Texas Highway Commission v.*

*El Paso Building & Construction Trades Council,* 149 Tex. 457, 234 S.W.2d 857 (1950), approved in *Railroad Commission of Texas v. James F. Miller,* 434 S.W.2d 670 (Tex.1968). There the court said:

> "Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain."

We think, however, that the word "or" in line 2 of said paragraph (b) was inserted or written by inadvertence or mistake. It is unlikely that the legislature intended to authorize a public agency to charge a citizen a fee for looking at public records which were larger than legal size, or standard size, but not for access to records kept in computer record banks or on micro-film records.

Section 11 of House Bill 6 reads:

> "A bond for payment of costs for the preparation of such public records, or a prepayment in cash of the anticipated costs for the preparation of such records, may be required by the head of the department or agency as a condition precedent to the preparation of such record where the record is unduly costly and its reproduction would cause undue hardship to the department or agency if the costs were not paid."

In this section the legislature uses the words "for the preparation of such public records" in the sense of preparation for reproduction of such records. This paragraph does not authorize the public agency to require a bond, or prepayment in cash, of the anticipated cost of access to the record.

A persuasive argument may be made that the purpose of this legislation was to insure the public's right of access to all public records, except those specifically excluded, and to guarantee to the public the right to copy any such record, and that an interpretation of the Act as authorizing a fee to be charged those who exercise such rights would be contrary to the spirit of the Act. Nevertheless it appears that the legislature has authorized a fee to be charged for the right to inspect certain records. The size of the fee is restricted by the provision requiring that it approximate the actual cost of preparing the material for inspection. The record does not establish that none of the material demanded by the petitioner falls within the class for which no charge may be made. Petitioner has failed to establish a clear right of access to the records free of charge. Mandamus will not issue to compel a public official to perform an official act unless the petitioner's right to have the act performd is clear. *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887 (Tex.1968).

The judgment is affirmed.