Joyce HUTCHINS, Appellant,

v.

The TEXAS REHABILITATION
COMMISSION et al., Appellees.

No. 12452.

Court of Civil Appeals of Texas,
Austin.

Dec. 8, 1976.

Keith 'Short, Foreman, Dyess, Prewett,
Rosenberg & Henderson, Houston, for appellant.

John L. Hill, Atty. Gen. of Texas, Colin J.
Carl, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

The opinion of this Court heretofore filed
in this cause is withdrawn, and the following opinion is filed in lieu of the first.

By this action petitioner, Joyce Hutchins,
seeks by mandamus to compel disclosure of
certain records held by the Texas Rehabilitation Commission. Petitioner is a former
patient of the Rehabilitation Commission
and asserts that the records must be provided her under authority of the Texas Open
Records Act.[1]

The facts of this case do not appear to be
in dispute. For approximately twenty
years Joyce Hutchins received services from
the Texas Rehabilitation Commission. In
1974 she commenced efforts to obtain her
records by requesting them in accordance
with the provisions of the Open Records
Act. The Commission refused to disclose
the records to petitioner after the Commission determined, in its own opinion, that the
information was exempt from disclosure.

1. Article 6252–17a (1975), V.A.T.S.; Acts 1973,
63rd Leg., p. 1112, ch. 424, eff. June 14, 1973
(Sec. 14(e) added by Acts 1975, 64th Leg., p.
809, ch. 314, sec. 1, eff. May 27, 1975).

The Commission made no attempt to request an Attorney General's opinion to determine whether such records are exempt from disclosure, as authorized by the Act. (Art. 6252–17a, sec. 7).

Petitioner brought this action to compel the Commission to open the records for her inspection under authority of Section 8 of Article 6252–17a. The trial court denied the writ, and from that order petitioner brings this appeal.

No findings of fact were requested and none was filed.

Under the first point of error petitioner contends the trial court erred in ruling that the information sought is confidential. Petitioner contends that the information sought does not fall within any exception to the disclosure requirements of the Open Records Act.

The Open Records Act became effective in 1973 with the express purpose of making public any information collected, assembled or maintained by governmental bodies. It provides:

"All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours . . . with the following exceptions only: (1) information deemed confidential by law, either Constitutional, statutory, or by judicial decision; * * " Art. 6252–17a, sec. 3(a)(1).

The Act, in Section 3, proscribes sixteen exceptions to public disclosure of information. Respondents contend that the first exception (quoted above) prohibits disclosure of the desired records to petitioner. More specifically, respondents contend that Section 30.47 of the Texas Education Code falls within this exception, thereby barring disclosure to a former patient as well as to the general public. Section 30.47 states, in pertinent part:

"It shall be unlawful, except for purposes directly connected with the administration of the rehabilitation program and in accordance with regulations, for any person or persons to solicit, disclose . . . or make use of . . . any list of, or names of, or any information concerning, persons applying for or receiving rehabilitation, directly or indirectly derived from the records." (Added to the Code by Acts 1971, 62nd Leg., p. 1525, ch. 405, sec. 52, eff. May 26, 1971).

In rebuttal, petitioner urges that Section 30.47 applies only to the general public having no legitimate interest in those records, whereas a patient has a legitimate interest in, and a right to inspect, the patient's own medical records.

■ Petitioner thus claims that her individual status as a former patient, seeking to inspect her own medical records, places her in a special status, which circumvents the confidentiality and the prohibition against disclosure under Section 30.47. Based on this special status and circumstance, petitioner further claims that under authority of the Open Records Act she is entitled to inspection of her own records, not because of her status as a member of the general public, but by reason of her individual status as a former patient with whom the requested records are concerned. We do not agree with these contentions.

■ Beyond a public right derived under the Open Records Act, petitioner argues further that a former patient has a common law right to inspect his or her own records. We agree with this contention.

Based on individual status, such a common law right to inspect the person's own records would overcome the presumption of confidentiality and the prohibition of record disclosure in Section 30.47 of the Texas Education Code.

The Supreme Court's recent decision, construing the Texas Open Records Act with respect to certain information sought from records of the Industrial Accident Board, does not in our opinion require a conclusion different from that reached in this cause. See *Industrial Foundation of the South v. Texas Industrial Accident Board,* 540 S.W.2d 668 (Tex.1976). Both the majority

of the Supreme Court and the dissenting justices appear to recognize in the Open Records Act a strong preference for disclosure over confidentiality. But the majority, in three separate statements, made clear that the individual may not gain right of access and inspection based on special individual status, concern, or circumstances, rather than on status as a member of the general public.

At page 674, the Supreme Court said: "We think the Act itself makes clear that the motives of the person requesting information are not to be considered in determining whether the information must be disclosed. The legislative intent of making public information available to *any person* would be thwarted if a court were allowed to consider the requestor's motives even though the custodian may not do so." (Emphasis by Supreme Court; footnotes omitted)

And, at page 685, the Court said:

"We should make clear that the particular interest of the requestor, and the purposes for which he seeks the information, are not to be considered in determining whether the matter requested is of legitimate concern to the public, except insofar as the requestor's interest in the information is the same as that of the public at large. As we have stated above, the Act makes clear that the motives of the individual requestor are not relevant to the determination of whether the matter requested is 'public information.'"

At page 686, the Court added:

"Our conclusion, however, is that the Act prohibits consideration of the motives of the requesting party in determining whether information must be disclosed."

We hold that petitioner cannot gain access to her records under authority of the Open Records Act, but does have a common law right to inspect her own records.

This Court has held previously that state hospital records, though not available for inspection by the general public, are subject to inspection by a former patient. *Morris v. Hoerster,* 377 S.W.2d 841 (Tex.Civ.App. Austin 1964, no writ); *Morris v. Hoerster,* 348 S.W.2d 642 (Tex.Civ.App. Austin 1961, writ ref. n.r.e.). Decisions in other cases have upheld this right: *Pyramid Life Ins. Co. v. Masonic Hospital Ass'n. of Payne Co.,* 191 F.Supp. 51 (W.D.Okl.1961) (holding that a patient has a property right in the information appearing or portrayed on the hospital records); 66 Am.Jur.2d Records and Recording Laws, sec. 28 at 360 (1973); *Van Allen v. McCleary,* 27 Misc.2d 81, 211 N.Y. S.2d 501 (1961); *Glazer v. Department of Hospitals,* 2 Misc.2d 207, 155 N.Y.S.2d 414 (1956); *Mass. Mut. Life Ins. Co. v. Michigan Asylum,* 178 Mich. 193, 144 N.W. 538 (1913); *Palacios v. Corbett,* 172 S.W. 777 (Tex.Civ. App. San Antonio 1915, writ ref.).

Under the Mental Health Code (Article 5547–87 (1958), V.A.T.S.) a mental patient's records are declared to be confidential. Yet the patient has a right to consent to disclosure of the records. It would make little sense to say that a person receiving rehabilitation services may not inspect the person's own records although a mental patient may disclose his records to whomever he desires.

Respondents argue that Section 30.47 of the Texas Education Code applies to petitioner because it proscribes release of information to *any* person. This contention overlooks the rule that statutes "in derogation of the common law right of inspection should be strictly construed . . ." *In re Mosher,* 248 F.2d 956, 45 C.C.P.A. 701 (1957).

■ Section 30.47 of the Texas Education Code recognizes the right of privacy regarding records of the Texas Rehabilitation Commission, but in this cause considerations of confidentiality are not applicable and are not in issue, since petitioner seeks the records for herself alone and does not undertake to make the information available to the public. Obviously, the purpose of Section 30.47 of the Texas Education Code is to protect the privacy of a patient by barring disclosure to the general public having no legitimate interest in those records. *Billings v. Atkinson,* 489 S.W.2d 858 (Tex. 1973). Although it does prohibit inspection of those records by the general public, Sec-

tion 30.47 does not preclude the patient from waiving that right of confidentiality if the person so desires. Nor does it preclude inspection by the patient who, solely by that person's status as a patient, has a legitimate interest in the contents of those records.

We hold that petitioner based on her common law right of inspection is entitled to access to her own records in files of the Rehabilitation Commission.

Petitioner is entitled to such relief as will provide her access to her records, in this case relief through mandamus. Relief may be based on petitioner's general prayer for relief. *City of Austin v. Cahill,* 99 Tex. 172, 88 S.W. 542 (1905); *San Antonio v. Alamo National Bank,* 155 S.W. 620 (Tex.Civ.App. —San Antonio 1913, writ ref.); *White v. Calaway,* 282 S.W. 642 (Tex.Civ.App.—Fort Worth 1926, writ ref.); 37 Tex.Jur.2d 768, *Mandamus* § 110 (1962).

Judgment of the trial court denying the writ is reversed, and judgment is rendered granting the writ of mandamus.

Reversed and Rendered on Motion for Rehearing.