**Ernest ESPINOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 789–83.**

Court of Criminal Appeals of Texas, En Banc.

May 23, 1984.

David K. Chapman, San Antonio, for appellant.

Bill M. White, Dist. Atty., and Elizabeth Taylor, Hipolito Canales and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of aggravated robbery. Punishment, enhanced by a prior conviction, was assessed at 25 years. On appeal the Court of Appeals affirmed the conviction and we granted appellant's petition for review in order to consider an issue involving the Open Records Act, Art. 6252–17a, V.A.C.S.

In order to prepare for trial in the criminal case, appellant sought access to certain records of the District Attorney's Office by use of the Open Records Act. Appellant requested the prosecutor to make the information available. After denial of the request, appellant filed with the trial court in the criminal prosecution an instrument entitled "Petition for Mandamus." After hearing arguments the trial court denied the petition. The Court of Appeals found it was not error for the trial court to deny the petition. We find the petition for mandamus was not properly presented to the trial court and the issue of the merits of the trial court's ruling was not properly before the Court of Appeals and is not properly before this Court.

The Open Records Act, Art. 6252–17a, supra, provides in Section 8 for securing disclosure of public information by seeking a writ of mandamus:

"Sec. 8. If a governmental body refuses to request an attorney general's decision as provided in this Act, or to supply public information or information which the attorney general has determined to be a public record, the person requesting the information or the attorney general may seek a writ of mandamus compelling the governmental body to make the information available for public inspection."

In this case the prosecution did not seek an attorney general's opinion under Section 7 of the Act, so appellant attempted to invoke Section 8 of the Act by filing his "Petition for Mandamus" as an instrument *in the pending criminal case.* In *Redd v. State,* 578 S.W.2d 129 (Tex.Cr.App.1979), this Court was confronted with a claim that information sought by a motion for discovery was public information under the Open Records Act. There the Court stated:

"Appellant's motion for discovery asserted that the information in question was available under the Open Records Act, Art. 6252–17a, Vernon's Ann.Civ.St., and claims on appeal that the Act was violated by failure to produce this information. We do not reach this question because of appellant's failure to follow the procedures set out in the Act. See Sections 7 and 8 of the Act."

Here, appellant apparently sought to comply with the Act by filing his "Petition for Mandamus." Mandamus, however, is a civil action, not a mere motion filed in the course of a pending criminal case. In *Uvalde Rock Asphalt Co. v. Loughridge,* 425 S.W.2d 818 (Tex.1968), the Court wrote: "A mandamus is a civil action suit and is generally regulated by the same rules of procedure as other civil actions." Subsequently, in *Hogan v. Turland,* 428 S.W.2d 316 (Tex.1968) it was held:

"We have concluded that a mandamus proceeding is a civil rather than criminal action.... Our holding is in accord with the weight of authorities." (citations omitted)

Reported decisions on mandamus actions brought under Section 8 of the Act reflect conformity with this proposition that mandamus is a civil suit. In *Austin v. City of San Antonio,* 630 S.W.2d 391 (Tex.Civ. App.—San Antonio, 1982), the course of

proceedings was reflected in the opinion of the Court:

"When the agency refused his request [for information under the Open Records Act], petitioner filed an application for writ of mandamus in the district court, seeking to compel the City of San Antonio to disclose the information.... The trial court denied the application after an evidentiary hearing, and petitioner perfected his appeal...."

A similar sequence of events occurred in *Economic Opportunities v. Bustamante*, 562 S.W.2d 266 (Tex.Civ.App.—San Antonio 1978), where appellant filed

"for a writ of mandamus against appellee ... seeking to compel appellee to make certain records available for appellant's inspection pursuant to ... the Texas Open Records Act.... [T]he trial court rendered judgment denying all relief sought by appellant and this appeal is from that decree."

and in *Hutchins v. Texas Rehabilitation Commission*, 544 S.W.2d 802 (Tex.Civ.App. —Austin 1976):

"Petitioner brought this action to compel the Commission to open the records for her inspection under authority of Section 8 of Article 6252–17a. The trial court denied the writ, and from that order petitioner brings this appeal."

See also *Industrial Foundation v. Texas Industrial Accident Board*, 540 S.W.2d 668 (Tex.1976); *Texas Industrial Accident Board v. Industrial Foundation*, 526 S.W.2d 211 (Tex.Civ.App.—Beaumont 1975); *Hendricks v. Board of Trustees of Spring Branch*, 525 S.W.2d 930 (Tex.Civ. App.—Houston [1], 1975).

 The instant appeal is from a criminal conviction. This cause was not a mandamus suit nor would review be in this Court if this were a mandamus action. Review of a decree or judgment in a mandamus action would be through the appeals process for civil cases.[1]

The judgment of the Court of Appeals is affirmed.

TEAGUE, Judge, dissenting.

Because I find that Justice Cantu of the San Antonio Court of Appeals has eloquently put in the stately dissenting opinion he filed in *Espinosa v. State*, 653 S.W.2d 446, 450 (Tex.App.—San Antonio 1983), in which Chief Justice Cadena of that Court joined, all that I would like to say, as to the majority opinion of this Court not giving due consideration to the express declaration of policy underlying the purposes of the "Texas Open Records Act," Art. 6252–17a, V.A.C.S., I will adopt his opinion in toto as my dissenting opinion, and will say no more.

---

1. To be distinguished are mandamus actions *instituted* in this Court under our original mandamus jurisdiction. A mandamus suit filed under Section 8 of the Open Records Act is not such a proceeding.