

# The Attorney General of Texas

December 21, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

14 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

324 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas     78061

Opinion No. JM-265

Re: Whether charging excessive fees for copies of public documents constitutes a criminal offense under the Open Records Act

Dear Mr. Smith:

You inform us that an individual has requested records from a school district under the Open Records Act, article 6252-17a, V.T.C.S. The superintendent charges fees for photocopies in excess of those published in Document No. 770460 by the State Board of Control, now known as the State Purchasing and General Services Commission. You ask whether charging excessive fees for photocopies of documents is an offense within section 10(b) of the Open Records Act.

Section 10 of the Open Records Act provides as follows:

(a) Information deemed confidential under the terms of this Act shall not be distributed.

(b) A custodian of public records, or his agent, commits an offense if, with criminal negligence, he or his agent fails or refuses to give access to, or to permit or provide copying of, public records to any person upon request as provided in this Act.

(c) It is an affirmative defense to prosecution under Subsection (b) of this section that the custodian of public records reasonably believed that the public records sought were not required to be made available to the public and that he:

(1) acted in reasonable reliance upon a court order or a written interpretation of this Act contained in an opinion of a court of record or of the attorney general issued under Section 7 of this Act;

(2) requested a decision from the attorney general in accordance with Section 7 of this Act, and that such decision is pending; or

(3) within three working days of the receipt of a decision by the attorney general that the information is public, filed a cause of action seeking relief from compliance with such decision of the attorney general, and that such cause is pending.

(d) It is an affirmative defense to prosecution under Subsection (b) of this section that the defendant is the agent of a custodian of public records and that the agent reasonably relied on the written instruction of the custodian of public records not to disclose the public records requested.

(e) Any person who violates Section 10(a) or 10(b) of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be punished by confinement in the county jail not to exceed six (6) months or fined in an amount not to exceed $1,000, or by both such fine and confinement. A violation under this section constitutes official misconduct.

Section 9 of the Open Records Act governs charges for copies of public records. Section 9(a) provides as follows:

Sec. 9.   (a) The cost to any person requesting noncertified photographic reproductions of public records comprised of pages up to legal size shall not be excessive. The State Board of Control shall from time to time determine the actual cost of standard size reproductions and shall periodically publish these cost figures for use by agencies in determining charges to be made pursuant to this Act.

In our opinion, the offense defined in section 10(b) does not include the refusal to provide copies in accordance with the section 9 cost provision. Section 9 is composed of diverse provisions. Subsections (d) and (f) incorporate other provisions of law setting costs to be charged by district, county, and municipal court clerks. Subsection (b) provides for consultation between the Purchasing Commission and the custodian of the records to determine charges for records in a form "other than up to standard sized pages." Only

section 9(a), on the cost of noncertified photographic copies, admonishes that the cost "shall not be excessive." It is difficult to believe that the legislature intended such costs to be reviewed in a criminal proceeding, when more costly modes of duplication are governed by consultation between the custodian and an administrative agency.

The legislature has expressly allowed custodians to contest attorney general decisions in a civil suit. V.T.C.S. art. 6252-17a, §10(c)(3). No comparable provision allows a custodian to ascertain what he may charge for duplicating a set of standard size records. The act itself does not define "actual" or "excessive" costs. Document No. 770460 of the Purchasing Commission is an "interpretation of cost determination" and does not purport to be an administrative rule. The legislature may provide a criminal sanction for violation of rules adopted by an agency pursuant to statutory authority, but Document No. 770460 does not provide such a basis for criminal prosecution. Tuttle v. Wood, 35 S.W.2d 1061 (Tex. Civ. App. - San Antonio 1930, writ ref'd). We cannot reasonably assume that the legislature intended criminal enforcement of such an indefinite provision. Cf. Colautti v. Franklin, 439 U.S. 379 (1979) (criminal statute must give sufficient notice of prohibited conduct).

The language of sections 9 and 10 appears to be directed at withholding information in public records and does not suggest a legislative intent to penalize the charging of excessive fees for photocopies. The legislative history of section 10(b) supports this conclusion. Subsection 10(b) in its present form and subsections 10(c) through 10(e) were added to the Open Records Act by House Bill No. 1969 of the Sixty-sixth Legislature. Compare Acts 1979, 66th Leg., ch. 414 (amendment) with Acts 1973, 63rd Leg., ch. 424 (original enactment). House Bill No. 1969 as introduced proposed adding a subsection (b) to section 8, as follows:

> Section 8(a) [mandamus remedy for refusal to request an Attorney General's decision or refusal to supply public information].
>
> (b). Upon issuance of a final written opinion by the Attorney General declaring certain informa- tion to be a public record, refusal by a govern- mental body to make such information public shall be deemed a misdemeanor [penalty provision]. . . . (Emphasis added).

A committee substitute to House Bill No. 1969 proposed the enacted version of the bill. Three bill analyses to Committee Substitute House Bill No. 1969 described the offense provision in virtually

identical terms.  The Bill Analysis prepared for the House Committee on State Affairs provides as follows:

PURPOSE:

This bill would provide for an offense to be charged against the custodian of public records, or his agent, for failure to make available information that has been designated as public records.  It would also provide for affirmative defenses for such a charge.

SECTION BY SECTION ANALYSIS:

Section 1: Provides that confidential information shall not be distributed.

Provides that an offense is committed by the custodian of public records or his agent if one of them fails to make available information that is public record to some one who has the authority to request it.  (Emphasis added).

See also Bill Analysis on C.S. House Bill No. 1969 and House Bill No. 1969; Senate Bill Analysis on House Bill No. 1969.

The original version of House Bill No. 1969 was directed solely at enforcing the attorney general's decisions that information is public.  The enacted bill broadened the offense to cover "public records," not merely records declared public by the attorney general. It is an offense to fail or refuse

to give access to, or to permit or provide copying of, public records to any person upon request as provided in this Act.

V.T.C.S. art. 6252-17a, §10(b).  Legislative history, as seen in the introduced version of House Bill No. 1969 and the analyses of the enacted version, reveal the legislative intent to punish the wrongful failure to release public information.  The refusal to "provide copying of" public records should be interpreted as a method of withholding the information contained in those records.  See V.T.C.S. art. 6252-17a, §2(2).  A defendant could withhold complete public information by permitting access but refusing copies of voluminous public records.  Some information is, moreover, subject to inspection only in the form of copies.  See, e.g., Open Records Decision Nos. 353 (1983), 87 (1975) (extracts of information from records).  Thus, charging excessive fees constitutes strong evidence of a violation of section 10(b).

We conclude that the charging of excessive costs for photocopies of documents is not in and of itself an offense within section 10(b) of the Open Records Act. A requestor will have to find other means to dispute prices charged for photocopies under the Open Records Act. See generally Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668, 687 (Tex. 1976); Hendricks v. Board of Trustees of Spring Branch Independent School District, 525 S.W.2d 930 (Tex. Civ. App. - Houston [1st Dist.] 1975, writ ref'd n.r.e.) (cost issues raised in mandamus suit).

## S U M M A R Y

Section 10(b) of article 6252-17a, V.T.C.S., the Open Records Act, does not include as a criminal offense a violation of section 9(a), which relates to the charges for photocopies of public records.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton