**Noffie JOHNSON, Relator,**

v.

**James LYNAUGH, Director of the Texas Department of Criminal Justice, Respondent.**

**No. 01–90–00229–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 1990.

Noffie Johnson, pro se.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

### OPINION

O'CONNOR, Justice.

Relator, Noffie Johnson, seeks a writ of mandamus compelling James Lynaugh, the director of the Texas Department of Criminal Justice, to produce prison records that Johnson requested under the Texas Open Records Act. Because we do not have jurisdiction to compel Lynaugh to act, we overrule Johnson's request.

Johnson alleges that he requested copies of certain prison disciplinary records on December 30, 1989, but that Lynaugh has not complied with his request. Johnson contends that the Texas Open Records Act entitles him to the records he seeks. TEX. REV.CIV.STAT.ANN. art. 6252–17a, § 3 (Vernon Supp.1990). He sought the help of the Texas Attorney General's office. An assistant attorney general suggested he seek a writ of mandamus, pursuant to section 8 of the Open Records Act.

Section 8 provides:

(a) If a governmental body refuses to request an attorney general's decision as provided in this Act, or to supply public information or information which the attorney general has determined to be a public record, the person requesting the information or the attorney general may seek a writ of mandamus compelling the governmental body to make the information available for public inspection.

(b) In an action brought under this section ... the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

Section 8 does not include a grant of jurisdiction to the courts of appeals over such a mandamus proceeding.

The Open Records Act contains only one reference to the court in which a mandamus action may be filed. Section 10(c) creates an affirmative defense to criminal prosecution for failing to comply with the Act in cases where the attorney general decides that information sought is public, but "the officer for public records" disagrees. The public officer may file "a petition for ... writ of mandamus ... against the attorney general, in a Travis County district court seeking relief from compliance with such decision of the attorney general...." Open Records Act, § 10(c)(3).

Courts of appeals have original jurisdiction "as may be prescribed by law." TEX. CONST. art. V, § 6. The Government Code includes a general grant of mandamus jurisdiction to the courts of appeals over two types of cases. We may issue "a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T.CODE ANN. § 22.221(a) (Vernon 1988). We may also issue writs of mandamus against a district or county court judge in our court of appeals district. *Id.* at 22.-221(b).

The legislature has granted us mandamus jurisdiction over other specific types of cases. The Election Code, for example, confers jurisdiction for us to compel the performance of any duty imposed by law in connection with elections, regardless of whether the person responsible for performing the duty is a public officer. TEX. ELEC.CODE ANN. § 273.061 (Vernon 1986).

Only one reported decision addresses this jurisdictional issue. The Court of Criminal Appeals, whose jurisdiction is also "prescribed by law," TEX. CONST. art. V, § 5, has said that it does not have original jurisdiction over a mandamus suit filed under section 8 of the Open Records Act. *Espinoza v. State*, 669 S.W.2d 736, 738 n. 1 (Tex. Crim.App.1984).

We agree. Our research indicates that no court of appeals has ever assumed origi-

nal jurisdiction in a mandamus proceeding under section 8 of the Open Records Act. Our only jurisdiction is by appeal from a mandamus proceeding in a lower court. *See City of Houston v. Houston Chronicle Publishing Co.*, 673 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1984, no writ) (appeal from writ of mandamus granted by trial court to compel production of police department records); *Hendricks v. Spring Branch Indep. School Dist.*, 525 S.W.2d 930, 931 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (appeal from denial of application for writ of mandamus to compel a school district to furnish access to various records).

Johnson's mandamus suit against Lynaugh will inevitably involve the resolution of factual issues. Even if he has failed to comply with the provisions of the Open Records Act, Lynaugh can still overcome the presumption that the documents should be disclosed by making a compelling demonstration that the information requested should not be released to the public. Op. Tex. Att'y Gen. ORD–34, ORD–26 (1974). We have no authority to determine issues of fact in an original mandamus proceeding. *Brady v. Fourteenth Court of Appeals*, 33 Tex.Sup.Ct.J. 358, 359, 1990 WL 33535 (March 28, 1990); *McSpadden v. Carter*, No. 01–90–00138–CV (Tex.App.—Houston [1st Dist.] April 12, 1990, orig. proceeding) (not yet reported). These issues of fact may only be litigated in an original mandamus proceeding in the district court.

Accordingly, we OVERRULE Johnson's motion for leave to file his petition for writ of mandamus.