# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 12, 1991

Dear Sir or Madam:

You recently received a copy of Attorney General Opinion DM-30. There is a nonsubstantive error on the first page of this opinion. We are enclosing a corrected copy of this opinion as a replacement for the copy you previously received. We apologize for any inconvenience this may have caused.

Thank you,

Madeleine B. Johnson
Chair, Opinion Committee

MBJ/lb



**DAN MORALES**
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

July 29, 1991

Honorable Bill Sims
Chairman
Administration Committee
Texas State Senate
Rm. 421, Capitol Building
Austin, Texas 78711-2068

Opinion No. DM-30

Re: County clerk's duty to provide duplicate microfilm of county real estate and deed records (RQ-2114)

Dear Senator Sims:

You ask whether county clerks must either (1) provide duplicate microfilm of county real estate and deed records or (2) allow individuals to bring microfilm equipment into the clerk's office to duplicate county real estate and deed records. Your second question was considered in Attorney General Opinion JM-757 (1987), which concluded:

> The Texas Open Records Act, article 6252-17a, V.T.C.S., does not grant members of the public an unlimited right to copy, with their own copying equipment, information deemed public under the Open Records Act. Requests from members of the public to copy public records with their own equipment may be denied when the requests raise questions of safety or efficiency or threaten the unreasonable disruption of the business of the governmental body. The reasonableness and safety of each request depends on the facts surrounding the request.

As we believe the analysis and result of that opinion to be correct, we need not reconsider that question here.[1] Accordingly we will only consider your first

---

[1]There has been some recodification of relevant statutes since Attorney General Opinion JM-757 was issued; however, this recodification has not affected the analysis or result. Though Attorney General Opinion JM-757 does not cite *Tobin v. Knaggs*, 107 S.W.2d 677 (Tex. Civ. App.--San Antonio 1937, writ ref'd), or *Tarrant County v. Rattikin Title Co.*, 199 S.W.2d 269 (Tex. Civ. App.--Fort Worth 1947, no writ), we believe its conclusion is in accord with the holdings in those cases.

question, whether county clerks must provide duplicate microfilm of county real estate and deed records. This question was considered by this office in Attorney General Opinion JM-95 (1983). That opinion concluded as follows:

> We conclude that a county clerk must provide duplicate microfilm copies of real property records to persons requesting the same and may not limit who may receive such copies or the use thereof. By 'microfilm copies' we mean duplicates in microfilm form of the actual microfilm.

Attorney General Opinion JM-95 based its conclusion on the premise that the form in which information is stored does not determine its availability. While this premise is correct, the conclusion reached in Attorney General Opinion JM-95 does not necessarily follow. It is one thing to say that information stored on microfilm is subject to the Open Records Act, and quite another to conclude that the requestor of such information may determine that microfilm is the medium in which copies of that information must be provided for purchase. As Attorney General Opinion JM-95 does not analyze the question in this way, we think it appropriate to reconsider the conclusion reached in that opinion.[2]

The Texas Open Records Act, V.T.C.S. art. 6252-17a, governs generally public access to records held by governmental bodies in Texas. The Open Records Act requires that upon application for access to public information the custodian of the records "shall promptly produce such information for inspection or duplication, or both, in the offices of the governmental body." V.T.C.S. art. 6252-17a, § 4; *see also id.*, §§ 5(a), 10(b).[3] Section 9(c) of the Open Records Act provides:

---

[2]Since Attorney General Opinion JM-95 was issued, this office has said that the Open Records Act does not require the preparation of information in a form dictated by a member of the public. *See* Attorney General Opinion JM-672 (1987); Open Records Decision No. 467 (1987). However, these opinions were discussing the existence or organization of information, rather than the medium in which the information is conveyed.

[3]Section 5(a) provides, in part: "It shall be the duty of the officer for public records, subject to penalties provided in this Act, to see that the public records are made available for public inspection and copying." Section 10(b) provides: "An officer for public records, or his agent, commits an offense if, with criminal negligence, he or his agent fails or refuses to give access to, or to permit or provide copying of, public records to any person upon request as provided in this Act."

>It shall be the policy of all governmental bodies *to provide suitable copies* of all public records within a reasonable period of time after the date copies were requested. Every governmental body is hereby instructed to make reasonably efficient use of each page of public records so as not to cause excessive costs for the reproduction of public records. (Emphasis added.)

As can be seen, sections 4 and 5(a) of the Open Records Act do not explicitly impose a duty upon governmental bodies to provide copies for purchase by members of the public. However, section 9(c) makes it "the policy of all governmental bodies to provide suitable copies of all public records." As section 9 is concerned with, among other things, the costs of copies purchased by members of the public, it is reasonable to presume that the copies referred to in section 9(c) include copies to be provided for purchase. This reading is consistent with the provision by section 10(b) of a criminal penalty for failure to "provide copying of" public records.

As the county clerk's office exists for the benefit of the whole public, the treatment of the public with respect to the availability of records in various media must be evenhanded. V.T.C.S. art. 6252-17a, § 5(c); *see also Tobin v. Knaggs*, 107 S.W. 2d 677, 680 (Tex. Civ. App.--San Antonio 1937, writ ref'd). Accordingly, we think that in considering what is suitable, we must look to what is suitable for the public as a whole.

What form of copies may be "suitable" could vary depending upon the nature of the requested information. While it is not possible or necessary here to speculate upon every circumstance in which a suitable copy might consist of some form other than an ordinary paper reproduction, we can point, for example, to records on videotape or audiotape where a paper transcription would be an inadequate substitute for the medium in which the information was originally recorded. With respect to deed records, however, it seems an ordinary paper copy would, in every case, be suitable to convey the information contained in the record to any member of the public.

Section 9(b) of the Open Records Act provides for charges made for "access

to public records comprised in any form other than up to standard sized pages or in computer record banks, microfilm records, or other similar record keeping systems." This provision speaks to "access" to records rather than to the purchase of copies. *Hendricks v. Board of Trustees of Spring Branch I.S.D.*, 525 S.W.2d 930, 932 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.). While this provision certainly does not preclude the possibility that records may be provided in media other than paper, it imposes no specific duty on custodians of public records to provide records in any specific medium other than paper.

Chapter 204 of the Local Government Code addresses the maintenance of local government records on microfilm. Section 204.002 of the Local Government Code provides that "[a]ny local government record may be maintained on microfilm in addition to or instead of paper or other media."

Pursuant to section 204.004(b)(11) of the Local Government Code, the Texas State Library and Archives Commission has adopted the following rule, to be codified as title 13, section 7.33, of the Texas Administrative Code:

> Local governments must adopt procedures to ensure that the public has the same access to information on microfilm as they would be entitled to if the information were recorded in another medium. Where microfilm is the only storage medium for a record, a microfilm, paper, or other type of copy other than the master microfilm must be available for public use; the custodian shall not be required to make available for public access the master microfilm.

In comments accompanying the final adoption of this rule, the commission stated that it meant "to specify that if microfilm is the only medium the master microfilm must be copied and the copy be accessible to the public." Texas State Library & Archives Comm'n, 15 Tex. Reg. 5673 (1990). While the rule provides that a copy must be accessible for public inspection, the rule does not address the question of providing a copy which a member of the public may purchase.

Subchapter B of chapter 118 of the Local Government Code (sections 118.011 through section 118.024, inclusive) provide for fees for filing and providing copies of certain records, including real property records, by county clerks. Section

118.024(a) provides:

> This subchapter does not limit or deny any person full and free access to any document referred to in this subchapter. A person is entitled to read, examine, and copy *from* those documents or from any microfilm or other photographic image of the documents. (Emphasis added.)

While section 118.024(a) of the Local Government Code provides a right to copy *from* a microfilm record, it provides no duty on the part of the county clerk to provide a record for purchase in the form of microfilm. We conclude that while a county clerk may provide microfilm copies of real estate and deed records to the public, the law does not impose a duty to do so. Attorney General Opinion JM-95 is, accordingly, overruled to the extent of any conflict herewith.

## SUMMARY

> While a county clerk may provide microfilm copies of real estate and deed records to the public, the law does not impose a duty to do so. The Open Records Act requires the county clerk to provide suitable copies. Attorney General Opinion JM-95 is overruled to the extent of any conflict herewith.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General