# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-21-00010-CV

**Lampasas Independent School District, Appellant**

**v.**

**Mike Morath, the Honorable Commissioner of Education for the State of Texas; Bellpas, Inc.; and Copperas Cove Independent School District, Appellees**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-19-005192, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING**

---

## O P I N I O N

We withdraw our opinion and judgment of November 19, 2021, and substitute the following opinion. The parties' respective motions for rehearing are granted in part and denied in part.

In this case of first impression, Lampasas Independent School District (LISD) appeals the district court's judgment affirming the Commissioner of Education's decision to allow the detachment and annexation of school-district territory. Among its five appellate issues, LISD challenges the Commissioner's jurisdiction over Bellpas, Inc.'s petition seeking to detach its land from LISD and annex it to Copperas Cove Independent School District (CCISD).[1]

---

[1] Because the issue of the Commissioner's jurisdiction is determinative of this appeal, we limit our discussion of the record to that matter exclusively. *See* Tex. R. App. P. 47.1

Under section 7.057 of the Education Code, an aggrieved party may appeal to the Commissioner when one board of trustees denies a detachment-and-annexation petition and the other approves it. *See* Tex. Educ. Code §§ 7.057(a), 13.051(a).

While CCISD's Board of Trustees approved Bellpas's petition, LISD's Board of Trustees made no decision as to the petition. The Commissioner deemed LISD's lack of decision a denial of the petition, creating the split decision between the boards needed for appeal. *See id.* § 13.051(a); *see also Texas Comm'r of Educ. v. Solis*, 562 S.W.3d 591, 598 (Tex. App.—Austin 2018, pet. denied) (noting that section 7.057 requires "that the board have made a 'decision' or taken 'action'"). Bellpas and CCISD acknowledge that LISD's inaction was construed as a denial of the petition for detachment and annexation, which was required "because jurisdiction under the statute depends upon one school district approving and the other school district disapproving the petition." The Commissioner contends that LISD's inaction is indeed the action that triggered the Commissioner's jurisdiction under section 7.057. Because we disagree that an inaction is an action triggering his jurisdiction under section 7.057, we will vacate the district court's judgment and dismiss this cause.

## BACKGROUND

In the local-level proceedings, Bellpas, "a Texas corporation in the residential land development business," sought detachment and annexation of its property from LISD to CCISD. Bellpas presented each of the school districts with a petition seeking detachment and annexation. The parties dispute whether Bellpas presented "identical" detachment-and-

(requiring courts of appeals to issue opinions that are as brief as practicable but that address every issue raised and necessary to final disposition of appeal).

annexation petitions to LISD and CCISD. Bellpas and CCISD acknowledge that they did not notice a discrepancy as to the amount of acreage in the "affected territory" listed in the petitions provided to LISD and CCISD "until [they] were already at the agency." The original and amended petitions presented to LISD listed the acreage affected as 348.55 acres, while the amended petition presented to CCISD listed the acreage affected as 335.83 acres. The original petition presented to CCISD is not in the record. CCISD's Board of Trustees held a public hearing and adopted a resolution approving Bellpas's petition. LISD's Board of Trustees held a public hearing on Bellpas's petition but failed to act on it.

It is undisputed that Bellpas never obtained approval or denial of its petition at the local level from LISD.[2] For more than a year after the hearing, Bellpas took several steps in attempting to obtain the required ruling from LISD, including filing (and later abating) a lawsuit in Lampasas County district court and filing a grievance with LISD.[3] Lastly, Bellpas filed a petition for review with the Commissioner, contending that LISD had "constructively

---

[2] LISD argues that the petition was nullified because of the acreage discrepancy in the live petitions and that no other action was required.

[3] In its Lampasas County suit against the members of the LISD Board of Trustees in their official capacities, Bellpas sought a declaration that their refusal to act was ultra vires and in violation of their mandatory and non-discretionary duties under section 13.051 of the Education Code. Bellpas also sought an "injunction in the nature of mandamus" commanding the board members to carry out their statutory responsibilities. However, Bellpas states that the district court expressed reluctance to issue mandamus relief because Bellpas had not gone to the Commissioner first. *But see Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 141 (Tex. 2018) (discussing "inadequate-remedy exception" that "applies when the claimant cannot obtain an adequate remedy through the administrative process and requiring the claimant to go through the process would cause the claimant irreparable harm" (citing *Houston Fed'n of Tchrs., Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex. 1987))); *cf. Hendricks v. Board of Trs.*, 525 S.W.2d 930, 930-31 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (reviewing district court's ruling on petition for writ of mandamus to compel Board of Trustees of Spring Branch Independent School District to provide access to school-district records free of charge). As to Bellpas's grievance complaining about the lack of decision on its petition, LISD determined that the grievance was untimely.

3

disapproved" the detachment and annexation petition by failing to act on it, "for which Bellpas may appeal under subsection (j) of 13.051, Texas Education Code."

In a decision handed down over two years after the petition for review was filed, the Commissioner agreed with Bellpas in determining that "a reasonable timeline" for LISD's Board of Trustees to have acted would have been at its "next regularly scheduled meeting or at least the second regularly scheduled meeting, barring extraordinary situations," after Bellpas's petition had been presented to LISD. The Commissioner stated that LISD was "mistaken to believe that it has not violated Texas Education Code section 13.051 by not passing a resolution and adopting findings within a reasonable time." Because of LISD's inaction, the Commissioner "deemed that [LISD]'s board ha[d] adopted a resolution denying the proposed detachment and annexation" and granted "the proposed detachment and annexation."

After obtaining that favorable decision from the Commissioner, Bellpas also prevailed before the district court in LISD's suit for judicial review of the Commissioner's decision. This appeal by LISD followed.

**DISCUSSION**

Within its first issue, LISD contends that the Commissioner lacked jurisdiction to conduct an evidentiary hearing on Bellpas's appeal and grant the petition for detachment and annexation. LISD notes that when Bellpas's petition for review was filed, "it should have been evident to the Commissioner that Bellpas's petition lacked an element necessary to the Commissioner's exercise of authority" because it did not allege the necessary "split decision" on the petition for detachment and because Bellpas complained that "LISD did not deny the petition." *See* Tex. Educ. Code § 13.051(j) (referencing appeal to Commissioner under section

4

7.057). LISD states that the district court erred by upholding the Commissioner's decision because the Commissioner had no authority to conduct a hearing unless the jurisdictional requirements in section 13.051—and by extension, section 7.057—were met. *See id.* The Commissioner responds that LISD's argument affords "veto power" to boards of trustees by inaction on a petition, and Bellpas and CCISD contend that the Commissioner correctly considered LISD's inaction as "constructive disapproval" of Bellpas's petition. Although we agree with LISD, we do not condone its Board's neglect of Bellpas's petition for detachment and annexation.

**Detachment and Annexation of School Territory under Section 13.051 of Education Code**

"Section 13.051 provides an administrative scheme for changing school district boundaries" by "allow[ing] territory to be 'detached from a school district and annexed to another school district that is contiguous to the detached territory.'" *Carroll Indep. Sch. Dist. v. Northwest Indep. Sch. Dist.*, 245 S.W.3d 620, 624 (Tex. App.—Fort Worth 2008, pet. denied) (quoting Tex. Educ. Code § 13.051(a)). The process begins with the presentation of "[a] petition requesting the detachment and annexation . . . to the board of trustees of the district from which the territory is to be detached and to the board of trustees of the district to which the territory is to be annexed." Tex. Educ. Code § 13.051(a). Each board of trustees will then publish and post notice of a hearing, at which they "consider the educational interests of the current students residing or future students expected to reside in the affected territory and in the affected districts and the social, economic, and educational effects of the proposed boundary change." *Id.* § 13.051(a), (g), (h). After the hearing, each board "shall" issue findings on those matters and "shall" adopt a resolution approving or disapproving of the petition:

5

After the conclusion of the hearing, each board of trustees shall make findings as to the educational interests of the current students residing or future students expected to reside in the affected territory and in the affected districts and as to the social, economic, and educational effects of the proposed boundary change and shall, on the basis of those findings, adopt a resolution approving or disapproving the petition.

*Id.* § 13.051(h), *see also id.* § .051(a) (requiring adoption of resolution for annexation to become effective).

Subsections 13.051(h), (i), and (j) of the Education Code address three possible board actions on the petition: approval by both boards of trustees, denial by both, or a split decision. *See id.* § 13.051(h)-(j). Specifically, "if both boards of trustees of the affected districts approve the petition," the matter is reported to the commissioners courts for an order redefining the districts' boundaries. *Id.* § 13.051(h); *see id.* §13.008 ("Any change in the boundaries of a school district is not effective unless approved by a majority of the board of trustees of the district if the board's approval is required under this chapter."). If both boards disapprove the petition, the boards' "decisions may not be appealed." *Id.* § 13.051(j). Finally,

If the board of trustees of only one affected district disapproves the petition, an aggrieved party to the proceedings in either district may appeal the board's decision to the commissioner under Section 7.057. An appeal under this subsection is de novo. In deciding the appeal, the commissioner shall consider the educational interests of the students in the affected territory and the affected districts and the social, economic, and educational effects of the proposed boundary change.

*Id.*; *see id.* § 7.057(a) (authorizing appeal to Commissioner under Education Code's general appeal statute if person is aggrieved by "actions or decisions" of any school district board of trustees that violate school laws of this state), (d) (authorizing person aggrieved by Commissioner's decision to appeal to Travis County district court). Nothing in this statute

6

specifies the procedure applicable when there is no local decision because a school board of trustees fails to act on a petition for detachment and annexation.[4]

**Commissioner's Jurisdiction under Sections 7.057 and 13.051 of Education Code**

Evidentiary determinations that the Commissioner makes are reviewed under the substantial-evidence standard, but the jurisdictional question here turns on the meaning of a statute and thus presents a question of law that we review de novo. *See Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021). Although an agency's interpretation of a statute it enforces is entitled to serious consideration if its construction is reasonable and does not conflict with the statute's language, "statutory ambiguity is a precondition to any such 'serious consideration.'" *Id.* at 222. When construing statutory text, we look to the plain language of the text and interpret it in light of the statute as a whole, applying the statute as written and refraining from rewriting text that lawmakers chose. *Id.*

Here, as we have noted, the Education Code states that "[if] the board of trustees of only one affected district disapproves" the detachment-and-annexation petition—resulting in a split decision—"an aggrieved party to the proceedings in either district may appeal the board's decision to the Commissioner under Section 7.057." Tex. Educ. Code § 13.051(j). One district's decision disapproving the petition is necessary for an appeal. *See id.* Section 7.057 of the

---

[4] Another section of the Education Code, applicable only to commissioners courts, provides that if that body fails to act within the time allowed by rule, the Commissioner decides:

> If this chapter requires the agreement of or action by two or more commissioners courts, and the commissioners courts fail to agree or take action within a reasonable time set by rule of the State Board of Education, a person aggrieved by the failure may appeal to the commissioner for resolution of the issue.

*See* Tex. Educ. Code § 13.009.

7

Education Code, in relevant part, authorizes an appeal when a person is aggrieved by "actions or decisions" of a school district board of trustees that violate Texas school laws. *Id.* § 7.057(a)(2)(A). Section 7.057(a) "contains no procedural exceptions to its grant of appellate jurisdiction, and neither the Commissioner nor the courts are at liberty to create one." *Davis*, 624 S.W.3d at 222.

Significantly, the Texas Supreme Court in *Davis v. Morath* noted that "if a party attempted to 'appeal' to the Commissioner without having obtained a decision from the school district at all, the Commissioner might argue that such a de novo proceeding is not within the Commissioner's appellate jurisdiction because there is *no local decision* that the party 'may appeal.'" *Id.* at 223 n.7 (emphasis added). That situation was not present in *Davis* because the appellants "sought and obtained a ruling from the District." *Id*. The opposite is true here.

There was no act or decision by LISD on Bellpas's petition for detachment and annexation. The Commissioner deemed LISD's inaction as denial of the petition. Bellpas and CCISD acknowledge that the petition was deemed denied, rather than approved, "because jurisdiction under the statute depends upon one school district approving and the other school district disapproving the petition." The Commissioner's contention that LISD's "inaction is the action" triggering the Commissioner's jurisdiction under section 7.057 is unsupported by the plain and unambiguous language of the statutory text. *See id.* at 222.

Accordingly, we conclude that the Commissioner lacked jurisdiction over Bellpas's petition for review seeking detachment and annexation of school territory and that the

8

district court erred by affirming the Commissioner's decision. We sustain the portion of LISD's first issue raising this jurisdictional challenge.[5]

**CONCLUSION**

Having determined that the Commissioner lacked jurisdiction over Bellpas's petition for review seeking detachment and annexation of school territory and that the district court erred by affirming the Commissioner's decision, we vacate the district court's judgment and dismiss the cause. *See* Tex. R. App. P. 43.2(e) (noting that court of appeals may "vacate the trial court's judgment and dismiss the case"); *Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563, 564 (Tex. 2021) (vacating trial court's order and court of appeals' judgment and dismissing cause after concluding that trial court lacked jurisdiction to proceed in underlying litigation); *Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.")).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Vacated and Dismissed on Motion for Rehearing

Filed: January 21, 2022

---

[5] Given this ruling, we do not reach LISD's remaining appellate issues.