

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00189-CR

---

In re Jaime Luevano, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Jamie Luevano, who is self-represented, has filed a handwritten, one-page document titled, "Pre-Writ (11.07) to compel Wesley School of Law for Review of New Evidence and Appointment." As we understand the filing, Luevano seeks an order from this Court compelling Wesley School of Law to review evidence and appoint counsel to pursue a post-conviction writ of habeas corpus.[1] Because Luevano's filing seeks to compel an act, we construe

---

[1] Although Luevano mentions other parties in the body of his document, he does not request that we compel these parties to act, and he does not provide this Court with a related cause number.

it as a petition for writ of mandamus. *See Espinoza v. State*, 653 S.W.2d 446, 449 (Tex. App.—San Antonio 1982) ("Mandamus is an extraordinary remedy and issues only where the party has a right to have something done and no other way of compelling its performance."), judgment aff'd, 669 S.W.2d 736 (Tex. Crim. App. 1984). Because we lack jurisdiction, we dismiss the petition.

An appellate court may issue a writ of mandamus "against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district," or when "necessary to enforce" our jurisdiction. Tex. Gov't Code § 22.221(a), (b). Because we have no jurisdiction to issue a writ of mandamus against a law school, and Luevano has not alleged that a writ of mandamus is necessary to enforce our jurisdiction, we dismiss the petition for want of jurisdiction.

GINA M. PALAFOX, Justice

June 8, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

2