Opinion filed September 6,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00183-CR 

                                                    __________

 

                                    KERVIN
ROBERTS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 19th District Court

 

                                                        McLennan
County, Texas

 

                                                Trial
Court Cause No. 2010-214-C1

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

The
opinion and judgment issued July 19, 2012, are withdrawn, and this court’s
opinion and judgment dated September 6, 2012, are substituted therefor. 
Appellant’s motion for rehearing, with which the State has agreed, is granted.

Kervin
Roberts appeals his conviction by a jury of the offense of robbery.  After
finding an enhancement paragraph true, the jury assessed his punishment at
sixty years in the Texas Department of Criminal Justice, Institutional
Division.  He contends in two issues that the trial court erred by ordering him
to pay court costs, including the fees of his court-appointed attorney, and
that the trial court denied him equal protection of the law by failing to order
the State to turn over to him the criminal history of the jury panel members. 
We modify and affirm.

Roberts
urges in Issue One that the trial court erred by ordering him to pay all of the
costs of court, including the fees for his court-appointed counsel, even though
the court found him to be indigent.  He asserts that the evidence is
insufficient to support the trial court’s order for him to pay the court costs,
which included the cost of his court-appointed investigator and his
court-appointed attorney.  The State concedes that the evidence fails to
support the trial court’s order and that the “proper remedy is to reform the
judgment to delete the court-appointed attorney’s and investigator’s fees.”  See
Mayer v. State, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); Stevenson v.
State, No. 10-09-00358-CR, 2011 WL 4978316 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication); Morris v. State, No. 10-10-00158-CR, 2010 WL
4983491 (Tex. App.—Waco Dec. 8, 2010, no pet.) (mem. op., not designated for
publication); Barrera v. State, 291 S.W.3d 515 (Tex. App.—Amarillo 2009,
no pet.); see also Tex. Code
Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012).  We agree and
sustain Issue One.  

Roberts urges in Issue Two that the trial court denied him
equal protection of the law by failing to order the State to turn over the
criminal history of the jury panel members.  In his discussion of the issue, he
also appears to contend that the State’s failure to provide him with the
information is a violation of his rights to due process.  The State was able to
obtain the criminal history of the prospective jury panel.  Roberts, who was
indigent, requested that he have access to the information acquired by the
State.  The trial court denied Roberts access to the information obtained by
the State, requiring only that the State disclose which jurors, if any, were
legally disqualified.

As we have noted, Roberts appears to contend on appeal that
the denial of his motion to obtain the information constitutes a violation of
his rights under the Equal Protection Clause or the Due Process Clause of the
United States Constitution, or both.  As a prerequisite to presenting a claim
for appellate review, Roberts must show that his request stated the grounds for
the ruling that he sought with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent from the
context.  Tex. R. App. P. 33.1(a). 


The Texas Court of Criminal Appeals has held that the State
has no obligation to make information in its possession with respect to
prospective jurors available to the defense.  Armstrong v. State, 897
S.W.2d 361, 365 (Tex. Crim. App. 1995); Martin v. State, 577 S.W.2d 490,
491 (Tex. Crim. App. 1979).   Roberts’s request for the jury information
possessed by the State did not make the trial court aware that he was basing
his request on the Equal Protection Clause or the Due Process Clause of the
United States Constitution, or both.  Given the fact that
the Texas Court of Criminal Appeals has held that such information is not
discoverable, a mere request for the information without putting the trial
court on notice that the request is based upon a denial of the defendant’s
rights under the Equal Protection Clause or the Due Process Clause of the
United States Constitution, or both, does not state the grounds for the ruling
sought with sufficient specificity to make the trial court aware of the
complaint.  We do not find the grounds to be apparent from the context.  

In
urging that he has preserved this error, Roberts relies on the opinions in the
cases of Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992),
and Lewis v. State, 191 S.W.3d 335, 338 (Tex. App.—Waco 2006, pet. ref’d). 
We find both cases distinguishable because neither involves an appellate
complaint of a violation of equal protection or due process in the trial
court’s denial of a discovery motion where the defendant did not make the trial
court aware that the basis for the discovery was the Equal Protection Clause or
the Due Process Clause of the United States Constitution, or both.  We overrule
Issue Two.

We
modify the judgment of the trial court to delete the order that Roberts pay the
cost of his court-appointed investigator and the cost of his court-appointed
attorney, which were included in the judgment as court costs.  As modified, the
judgment of the trial court is affirmed.

 

 

PER CURIAM

 

September 6, 2012                                                                              

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.